# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. LOPEZ, | CASE NO. 1:10-cv-01773-AWI-SKO PC |
| Plaintiff, | ORDER DENYING MOTIONS |
| v. | (Docs. 7, 10, 12, 14, and 15) |
| MATHEW CATE, et al., | |
| Defendants. | |

Plaintiff Andrew R. Lopez, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 10, 2010. On September 30, 2010, Plaintiff filed a motion seeking an order requiring prison officials at California State Prison-Corcoran to appear and explain their failure to provide certified copies of prisoners' trust account statements, including his. On October 18, 2010, Plaintiff filed an objection to the service of his in forma pauperis application on prison officials and a request that prison officials be directed to expunge his application from their files. On October 26, 2010, Plaintiff filed a motion duplicative of the one filed on September 30, 2010. On November 24, 2010, and November 30, 2010, Plaintiff filed additional motions seeking an order to show cause relating to his prison trust account statement and seeking the imposition of the costs incurred in bringing his motions on prison officials.

Plaintiff was granted leave to proceed in forma pauperis in this action on October 1, 2010. Per the current general practice of the Fresno Division of the Eastern District of California, the grant was not contingent upon further action by Plaintiff or prison officials and the grant is not subject to withdrawal if Plaintiff does not submit his trust account statement. Therefore, the issue of the

submission of Plaintiff's trust account statement is moot and his motions for an order to show cause are denied.

Plaintiff's motions to recover the costs incurred in making the motions are also denied. When a party seeks relief, that party is required to wait for the Court to consider the request and issue a ruling. The costs incurred by Plaintiff as a consequence of repeatedly seeking the same relief without awaiting the Court's ruling on the initial motion must be absorbed by Plaintiff. Prison officials are not responsible for shouldering the financial burden of Plaintiff's litigation tactics and there is no legal basis for the assessment of costs against them.

Finally, Plaintiff's motion for an order directing prison officials to purge their files of his in forma pauperis application is denied. The documents filed in this case, which include Plaintiff's in forma pauperis application, are a matter of public record. See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (discussing the right of access to judicial records). Plaintiff placed his financial status at issue by seeking leave to proceed in forma pauperis in this action. Prison officials, who must oversee prisoners' trust accounts and make the requisite deductions where funds exist, are entitled to the document evidencing Plaintiff's request to proceed in forma pauperis and his authorization of the deduction of funds by prison officials. 28 U.S.C. § 1915(b). In light of the fact that the filings in this action are a matter of public record, Plaintiff's objection to the alleged breach of his privacy via disclosure of his in forma pauperis application is without merit.

For the reasons set forth above, Plaintiff's motions are HEREBY DENIED.

IT IS SO ORDERED.

**Dated:   March 24, 2011**              /s/ Sheila K. Oberto
                                          UNITED STATES MAGISTRATE JUDGE