# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. LOPEZ,<br><br>            Plaintiff,<br><br>     v.<br><br>MATHEW CATE, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:10-cv-01773-AWI-SKO PC<br><br>ORDER DENYING OBJECTIONS, WHICH IS CONSTRUED AS A MOTION FOR RECONSIDERATION, WITH PREJUDICE<br><br>(Doc. 26) |

Plaintiff Andrew R. Lopez, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 10, 2010. On May 18, 2012, Plaintiff filed objections to the Magistrate Judge's order denying his motion for the appointment of counsel.

Rule 72(a) of the Federal Rules of Civil Procedure allows a party to serve and file objections to a Magistrate Judge's nondispositive order within fourteen days. In this court, this type of objections are treated as a motion for reconsideration by the assigned District Court Judge and should be captioned "Request for Reconsideration." See Local Rule 303.

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (quotations marks and citation omitted). The moving party must demonstrate both injury and circumstances beyond his control. Id. (quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show

"what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."  "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).  The court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

Although Plaintiff argues otherwise, the "exceptional circumstances" test articulated by the Magistrate Judge is the correct legal standard for evaluating a motion for the appointment of counsel under 28 U.S.C. § 1915(e), and Plaintiff has shown no error in its application to the facts of this case. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).  To succeed in his motion, Plaintiff must show that the Magistrate Judge's denial of his request for counsel was clearly erroneous or contrary to law. There is no constitutional right to counsel in a civil case.  Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981).  Title 28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding is forma pauperis. 28 U.S.C. § 1915(e)(1). This does not give the courts the power to make "coercive appointments of counsel." Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989).   The court may only *ask* counsel to represent an indigent litigant under Section 1915 and may only do so in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir.1997) *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir.1998) (en banc); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986).  Contrary to Plaintiff's arguments, this court does not have an extensive list of attorneys willing to represent pro se litigants.

1    Plaintiff's disagreement with the Court's determination is not grounds for seeking
2    reconsideration. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).
3    Plaintiff appears able to present his claims adequately, and the issues at this stage of the case are
4    issues of fact. A review of the docket reveals that Plaintiff's filings are comprehensive and focused.
5    Plaintiff is correct that he may well be better served by the assistance of counsel, and the court is not
6    unsympathetic to Plaintiff's desire for counsel. However, the Ninth Circuit has recognized that "any
7    pro se litigant certainly would be better served with the assistance of counsel," and as such the
8    Plaintiff must "show that because of the complexity of the claims he was unable to articulate his
9    positions." Rand, 113 F.3d at 1525. Plaintiff has made no such showing. As such, Plaintiff is not
10   entitled to reconsideration of the Magistrate Judge's order.

11   Finally, Plaintiff's dissatisfaction with the Magistrate Judge's use of a standardized order to
12   address a motion commonly filed in the nation's busiest District Court is not grounds for
13   reconsideration. As set forth above, the Magistrate Judge articulated the correct legal standard and
14   there was no error in its application to the facts of this case.

15   Accordingly, Plaintiff's motion of reconsideration is HEREBY DENIED, with prejudice.
16   IT IS SO ORDERED.

17   Dated:  May 31, 2012
18                                                           CHIEF UNITED STATES DISTRICT JUDGE