# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. LOPEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>MATHEW CATE, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:10-cv-01773-AWI-SKO PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION BE DENIED<br><br>(Doc. 23)<br><br>THIRTY-DAY OBJECTION DEADLINE |

**I.      Relief Sought**

Plaintiff Andrew R. Lopez, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 10, 2010. On March 29, 2012, Plaintiff filed a motion seeking the issuance of a preliminary injunction prohibiting prison officials from destroying evidence.

**II.     Legal Standard**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 22 (citation omitted) (emphasis added).

1    In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

**III.    Discussion**

At this juncture in the proceedings, Defendants have not yet been served and made their appearance in the action.[1] Thus, in addition to the fact that Plaintiff's bare motion fails to meet the heightened standard necessary for the issuance of a preliminary injunction, 18 U.S.C. § 3626(a)(1)(A); Winter, 555 U.S. at 24, the Court currently lacks jurisdiction over any of the named defendants and it cannot issue any orders prohibiting them from taking certain actions, Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

Further, "[a] party's destruction of evidence qualifies as willful spoliation if the party has some notice that the documents were potentially relevant to the litigation before they were destroyed," Leon v. IDX Systems Corp.,464 F.3d 951, 959 (9th Cir. 2006) (internal quotation marks and citation omitted), and "[a] federal trial court has the inherent discretionary power to make appropriate evidentiary rulings in response to the destruction or spoliation of relevant evidence," Med. Lab. Mgmt. Consultants v. American Broad. Cos., 306 F.3d 806, 824 (9th Cir. 2002) (internal quotation marks and citation omitted).  This duty to preserve evidence, "backed by the court's inherent power to impose sanctions for the destruction of such evidence, is sufficient in most cases to secure the preservation of relevant evidence." Young v. Facebook, Inc., No. 5:10-cv-03579-JF/PVT, 2010 WL 3564847, at *1 (N.D.Cal. Sept. 13, 2010) (citing Leon, 464 F.3d at 959).

///

///

---

[1] In a separate but concurrently issued findings and recommendations, the Court screened Plaintiff's amended complaint and recommended that it be served as to most of Plaintiff's claims.  28 U.S.C. § 1915A.

2

### IV.     Recommendation

For the reasons set forth above, the Court HEREBY RECOMMENDS that Plaintiff's motion for a preliminary injunction, filed on March 29, 2012, be DENIED.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     January 22, 2013**                         /s/ Sheila K. Oberto
                                                                           UNITED STATES MAGISTRATE JUDGE