# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. LOPEZ, | CASE NO. 1:10-cv-01773-AWI-SKO PC |
| Plaintiff, | ORDER DENYING OBJECTIONS, CONSTRUED AS A MOTION FOR RECONSIDERATION, WITH PREJUDICE |
| v. | |
| MATHEW CATE, et al., | (Doc. 30) |
| Defendants. | |

Plaintiff Andrew R. Lopez, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 10, 2010. On July 3, 2012, the Magistrate Judge issued an order striking Plaintiff's motion seeking to "preserve" his right to appeal and complaining about various proceedings, a motion which was filed in response to the order denying Plaintiff's motion for reconsideration of the denial of his motion for counsel. (Docs. 27-29.) Plaintiff filed objections on July 16, 2012, which the Court construes as a motion for reconsideration. Fed. R. Civ. P. 72; Local Rule 303.

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (quotations marks and citation omitted). The moving party must demonstrate both injury and circumstances beyond his control. Id. (quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

In his motion for reconsideration, Plaintiff argues, "The Magistrate Judge's order striking my notice of unconstitutionality, and refusing to allow me to preserve the appellate record, is facially erroneous and contrary to law because my requests to abolish the Local Rules and practices are a legitimate form of relief." (Doc. 30, p. 3 (emphasis in original).) Plaintiff requests that the Magistrate Judge's order be vacated and his motion be addressed.

Plaintiff's disagreement with the Magistrate Judge's order is not grounds for seeking reconsideration. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). The Magistrate Judge's order was neither clearly erroneous nor contrary to law. As the Magistrate Judge explained to Plaintiff, he is not precluded from filing a notice of appeal, but he may not seek the issuance of an order "preserving" his right to appeal; and the motion did not seek any other recognized form of relief.

Accordingly, Plaintiff's motion of reconsideration, filed on July 16, 2012, is HEREBY DENIED, with prejudice.

IT IS SO ORDERED.

Dated:   January 26, 2013

SENIOR DISTRICT JUDGE