UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. LOPEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>MATHEW CATE, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:10-cv-01773-AWI-SKO PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING MOTION FOR PRELIMINARY INJUNCTION, DISMISSING CERTAIN CLAIMS AND PARTIES, AND REFERRING MATTER BACK TO MAGISTRATE JUDGE FOR SERVICE OF PROCESS<br><br>(Docs. 21, 23, 31, and 32) |

    Plaintiff Andrew R. Lopez, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 and California law on September 10, 2010. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On March 8, 2012, the Magistrate Judge screened Plaintiff's Complaint and ordered him to either file an amended complaint or notify the Court of his willingness to proceed only on his cognizable claims. 28 U.S.C. § 1915A. Plaintiff filed his Amended Complaint on March 23, 2012, and on January 22, 2013, the Magistrate Judge issued a Findings and Recommendations recommending dismissal of certain claims and defendants. *Id.* In addition, the Magistrate Judge issued a second Findings and Recommendations recommending that Plaintiff's motion for a "freeze order," filed on March 29, 2012, and construed as a motion seeking preliminary injunctive relief, be denied. Plaintiff was notified that he had thirty days within which to file any objections but none were filed. Local Rule 304(b).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Accordingly, it is HEREBY ORDERED that:

1. The Findings and Recommendations filed on January 22, 2013, are adopted in full;
2. Plaintiff's motion for a "freeze order," filed on March 29, 2012, is DENIED;
3. This action shall proceed on Plaintiff's Amended Complaint, filed on March 23, 2012, for damages and possible injunctive relief, limited to the expungement of documents relating to Plaintiff's retaliation claim, against:
    a. Defendants Garcia, Zamora, Espinosa, Jackson, Drew, Olmedo, Munoz, Fields, White, Rousseau, Martinez, and Beer for retaliation, in violation of the First Amendment;
    b. Defendants Zamora, Espinosa, Drew, Munoz, Olmedo, and Gray for excessive force and failure to intervene, in violation of the Eighth Amendment;
    c. Defendants Zamora, Espinosa, Olmedo, Fields, White, Munoz, and Rousseau for violation of the Eighth Amendment arising out of the exposure to a pepper spray drenched cell and the denial of adequate clothing for seven months;
    d. Defendants Zamora, Espinosa, and Jackson for assault and battery;
    e. Defendants Garcia, Zamora, Espinosa, Jackson, Drew, Olmedo, Munoz, Fields, White, Rousseau, Martinez, Beer, and Gray for negligence; and
    f. Defendants Garcia, Zamora, Espinosa, Drew, Olmedo, Munoz, Fields, White, Rousseau, Martinez, and Beer for violation of Section 52.1 of the California Civil Code (the Bane Act);
4. Plaintiff's First Amendment retaliation claims against Defendants Casillas and Gray are dismissed, with prejudice, for failure to state a claim;
5. Plaintiff's Eighth Amendment claims based on the following conditions are

2

dismissed, with prejudice, for failure to state a claim: the deprivation of Plaintiff's prescription eyeglasses and shoes for approximately eighteen hours; the deprivation of a towel and soap for approximately four days; the deprivation of toilet paper, a toothbrush, and tooth powder for approximately seven days; placement in dirty boxer shorts; placement in a holding cage for more than 4 ½ hours without food, water, a toilet, or medication; transfer to a cell without adequate lighting or ventilation; and the allowance of a shower two times a week rather than three times a week;

6. Plaintiff's Eighth Amendment medical care claim is dismissed, with prejudice, for failure to state a claim;

7. Plaintiff's due process claim arising out of the deprivation of his personal property is dismissed, with prejudice, for failure to state a claim;

8. Plaintiff's Bane Act claim against Defendant Jackson is dismissed, with prejudice, for failure to state claim;

9. Plaintiff's claims based on violations of the California Penal Code and Title 15 regulations are dismissed, with prejudice, for failure to state a claim;

10. Plaintiff's claim for declaratory and claims injunctive relief, except as to the expungement of documents relating to Plaintiff's retaliation claim, are dismissed for failure to state a claim;

11. Plaintiff's request for the appointment of counsel is denied;

12. The State of California and Defendants Cate, Lopez, Adams, and Casillas are dismissed from this action, with prejudice, based on Plaintiff's failure to state any claims against them; and

///
///
///
///
///
///

12. (1) Defendant Cate is substituted with current CDCR Secretary Dr. Jeffrey Beard and Defendant Lopez is substituted with current Corcoran Acting Warden Connie Gipson, and (2) Plaintiff may proceed with an official capacity claim against Beard and Gipson, limited to his injunctive relief claim for the expungement of documents related to his retaliation claim.[1]

IT IS SO ORDERED.

Dated: March 18, 2013

SENIOR DISTRICT JUDGE

---

[1] In the event that it is determined Plaintiff is not entitled to the injunction he seeks, his official capacity claim against Defendants Beard and Gipson will be dismissed. Furthermore, the proper parties shall be substituted for Beard and Gipson in the event that one or both are replaced. Official capacity claims against former state officials are not permissible. Rounds v. Oregon State Bd. of Higher Educ., 166 F.3d 1032, 1036 n.2 (9th Cir. 1999).