1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. LOPEZ, | Case No.  1:10-cv-01773-AWI-SKO PC |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION, WITH PREJUDICE |
| v. | (Doc. 45) |
| MATHEW CATE, et al., | |
| Defendants. | |
| _____/ | |

On July 31, 2013, Plaintiff Andrew R. Lopez, a state prisoner proceeding pro se in this civil rights action, filed objections to the Magistrate Judge's orders denying his motion for entry of default and granting Defendants' motion for an extension of time to file their first response to his amended complaint.  (Docs. 40, 41, 45.)  Plaintiff is not entitled to file objections to the orders at issue, and therefore, the Court construes the filing as a motion seeking reconsideration.  Local Rule 303(c).

A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the Court to reverse a prior decision.  *See e.g., Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).  The Court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a).  As such, the Court may only set aside those portions of a

1  Magistrate Judge's order that are either clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a);

2  *see also Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir.1991) (discovery

3  sanctions are non-dispositive pretrial matters that are reviewed for clear error under Fed. R. Civ. P.

4  72(a)).  For the reasons which follow, Plaintiff is not entitled to reconsideration.

5      As an initial matter, default is generally disfavored.  *Westchester Fire Ins. Co. v. Mendez*,

6  585 F.3d 1183, 1189 (9th Cir. 2009).

7      In this case, Defendants Garcia, Zamora, Espinosa, Jackson, Drew, Munoz, Fields,

8  Rousseau, Martinez, Beer, and Gray were never in default and Plaintiff's request for the entry of

9  default, filed on July 5, 2013, without any supporting evidence demonstrating their default was

10  properly denied.[1]  Fed. R. Civ. P. 55(a).

11      Defendants' response to the amended complaint was not due on July 18, 2013, and they

12  timely filed an initial ex parte motion for an extension of time to respond to the amended

13  complaint on July 12, 2013, which was properly granted by the Magistrate Judge.[2]  Local Rule

14  144(c).  Defendants subsequently filed a timely answer to the amended complaint, mooting any

15  further argument regarding entry of default.  *Franchise Holding II, LLC v. Huntington Rests. Grp.,*

16  *Inc.*, 375 F.3d 922, 927-28 (9th Cir. 2004).

17      Based on the foregoing, Plaintiff's motion for reconsideration, filed on July 31, 2013, is

18  HEREBY DENIED, with prejudice.

19

20  IT IS SO ORDERED.

21  Dated:   November 14, 2013          _____

                                         SENIOR  DISTRICT  JUDGE

22

23

24

25  _____

26  [1] Plaintiff's objection to the Magistrate Judge issuing rulings in this case is also without merit.  Plaintiff's decision to decline Magistrate Judge jurisdiction has no effect on the assignment of this action to a Magistrate Judge for determination of all general pretrial matters, as that assignment is not dependent upon the parties' consent.  28 U.S.C.

27  § 636(b)(1)(A); Local Rule 303(a).

28  [2] Defendants who waive service, as Defendants did here, have sixty days from the date the waivers were mailed to respond, plus an additional three days for mailing.  Fed. R. Civ. P. 4(d), 6(d).