# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. LOPEZ,<br><br>  Plaintiff,<br><br>  v.<br><br>MATHEW CATE, et al.,<br><br>  Defendants.<br>_____/ | Case No. 1:10-cv-01773-AWI-SKO (PC)<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION FOR PROTECTIVE ORDER<br>STAYING DISCOVERY PENDING<br>RESOLUTION OF EXHAUSTION MOTION<br><br>(Doc. 61) |

## I. Background

Plaintiff Andrew R. Lopez ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 and California law on September 10, 2010. This action is proceeding on Plaintiff's amended complaint, filed on March 23, 2012, against Defendants Garcia, Zamora, Espinosa, Jackson, Drew, Olmedo, Munoz, Fields, White, Rousseau, Martinez, Beer, Gray, Beard, and Gipson ("Defendants") for violating Plaintiff's rights under federal and state law. Plaintiff's claims arise out of his conditions of confinement at California State Prison, Corcoran in Corcoran, California.

On August 19, 2013, Defendants filed an answer to Plaintiff's amended complaint, and on November 7, 2013, the Court issued a discovery and scheduling order. (Docs. 46, 48.) On January 6, 2014, Defendants filed a motion to dismiss Plaintiff's claims for failure to exhaust, 42 U.S.C. § 1997e(a); Fed. R. Civ. P. 12(b), and on January 15, 2014, Defendants filed a motion for a protective order relieving them of their obligation to respond to Plaintiff's already-served

discovery requests and staying discovery pending resolution of their motion to dismiss, Fed. R. Civ. P. 26(c).[1]  (Docs. 59, 61.)  On January 16, 2014, the Court issued, *sua sponte*, an order staying discovery pending its ruling on the motion for a protective order.  *Hunt v. Cnty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012).  (Doc. 62.)

On February 3, 2014, Plaintiff filed an opposition to Defendants' motion for a protective order, and on February 7, 2014, Defendants filed a reply.  (Docs. 70, 76.)  The motion has been submitted without oral argument pursuant to Local Rule 230(*l*) and for the reasons which follow, the motion is granted.

## II.  Legal Standard

The Court is vested with broad discretion to manage discovery.  *Dichter-Mad Family Partners, LLP v. U.S.*, 709 F.3d 749, 751 (9th Cir. 2013), *cert. denied*, 134 S.Ct. 117; *Hunt*, 672 F.3d at 616; *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).  Pursuant to Rule 26(c)(1), the Court may, for good cause, issue a protective order forbidding or limiting discovery.  The avoidance of undue burden or expense is grounds for the issuance of a protective order, Fed. R. Civ. P. 26(c), and a stay of discovery pending resolution of potentially dispositive issues furthers the goal of efficiency for the courts and the litigants, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (stay of discovery pending resolution of immunity issue).  The propriety of delaying discovery on the merits of the plaintiff's claims pending resolution of an exhaustion motion has been explicitly recognized by the Ninth Circuit.  *Albino v. Baca*, 747 F.3d 1162, 1170-71 (9th Cir. 2014); *see also Gibbs v. Carson*, No. C-13-0860 THE (PR), 2014 WL 172187, at *2-3 (N.D. Cal. Jan. 15, 2014).

///

///

///

---

[1] Subsequently, the Ninth Circuit held that the issue of exhaustion must be raised in a motion for summary judgment. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).  As a result of that decision, the Court denied Defendants' motion to dismiss without prejudice on procedural grounds on April 21, 2014, and Defendants filed a motion for summary judgment on May 21, 2014.  After obtaining an extension of time, Plaintiff filed an opposition on July 3, 2014, and Defendants were granted an extension of time up to and including July 24, 2014, to file a reply.  Given the renewal of the exhaustion motion under Rule 56, Defendants' motion for a protective order was not rendered moot by the procedural denial of the motion to dismiss.

**III.    Discussion**

    **A.    Parties' Arguments**

Pursuant to the Court's standard practice in civil rights cases such as this, the discovery phase opens via the issuance of a discovery and scheduling order, and the discovery period is eight months long, with the potential for extension upon a timely showing of good cause. Fed. R. Civ. P. 16(b). In this case, the discovery phase commenced on November 7, 2013, with the issuance of the discovery and scheduling order, and the discovery deadline was set for July 7, 2014.

Defendants moved for a protective order staying discovery pending resolution of their exhaustion motion. Between the commencement of discovery and the filing of the motion for a protective order, Plaintiff served thirty-three discovery requests on Defendants, and Defendants seek relief from responding to those requests and from engaging in further discovery pending the Court's determination regarding which claims are exhausted. Defendants argue that awaiting resolution will allow the parties to tailor discovery to the remaining claims and to avoid the undue burden and expense associated with responding to discovery pertaining to claims subject to dismissal.

Defendants also argue that none of Plaintiff's outstanding discovery requests seek information bearing on the resolution of their exhaustion motion.

In response, Plaintiff mounts a number of unpersuasive arguments. First, contrary to Plaintiff's assertion, the granting of a protective order will not preclude Plaintiff from engaging in merits-based discovery with respect to the claims that survive Defendants' exhaustion motion. Once the exhaustion motion is resolved, the Court will amend the scheduling order as necessary to ensure Plaintiff receives ample opportunity to engage in general, merits-based discovery.

Second, the parties were relieved of the meet and confer requirement under Fed. R. Civ. P. 26 and 37, and Plaintiff's argument that Defendants' motion was rendered procedurally defective by their failure to meet and confer with him is untenable. (Doc. 48, Disc./Sched. Order, ¶5.)

Third, Plaintiff's assertion that it is prejudicial to cite to cases in which the plaintiff is proceeding pro se is patently frivolous. There exists no preclusion to citing cases involving pro se

3

litigants, and Defendants complied with Local Rule 133(i)(3)(ii) by providing Plaintiff with a copy of the district court case they cited which is available in Westlaw.

Finally, Plaintiff's remaining arguments relate to the merits of Defendants' exhaustion motion. However, the narrow issue here is whether the Court should issue an order precluding discovery until Defendants' exhaustion motion is resolved, and Plaintiff's broader arguments attacking the merits of Defendants' motion are misplaced.[2]

### B. Propriety of Discovery Stay

The failure to exhaust is an affirmative defense, and Defendants are entitled to judgment on unexhausted claims. *Albino*, 747 F.3d at 1166. Thus, the pending exhaustion motion has the potential to bring final resolution to some or all of Plaintiff's claims in this action, which would obviate the need for discovery as to those claims. *Gibbs*, 2014 WL 172187, at *3. In *Albino*, the Ninth Circuit recognized that "[e]xhaustion should be decided, if feasible, before reaching the merits of a prisoner's claims," and "discovery directed to the merits of the suit" should be left until later. *Albino*, 747 F.3d at 1170.

This case involves multiple claims under federal and state law against fifteen defendants. In the brief window during which discovery was open, Plaintiff served a substantial number of discovery requests on Defendants. Defendants supported their motion for a protective order with a declaration attesting that of the discovery requests served, only five pertain to issues of exhaustion and of those five, (1) the information requested does not relate to the relevant time period and (2) the government claims information relevant to Plaintiff's state law tort claims is available to

---

[2] The Court will determine whether Plaintiff exhausted his claims when it resolves the motion and it need not conduct an exhaustive inquiry into the merits of arguments in the motion in determining the propriety of the protective order. It is enough that Defendants have raised the potentially dispositive affirmative defense of exhaustion in a motion for summary judgment and there is nothing facially frivolous or deficient about the motion. Plaintiff argues that the exhaustion motion was filed in bad faith, that it is a fraud upon the court in light of the California appellate court's ruling that Corcoran was not processing his appeals, and that Defendants in this case are attempting to obtain a second bite at the apple. However, those arguments materially mischaracterize the appellate order in question. The appellate court, in a one page summary order, found only that Plaintiff's habeas petition stated a prima facie case that his appeals were not being processed and the court ordered the respondent to show cause. (Doc. 1, Comp., Ex. A.) The ruling was not a finding as to the merits of any exhaustion issue, and Plaintiff's attempt to cast the ruling as such lacks any good faith basis.

Plaintiff via the exhaustion motion. (Doc. 61-2, Motion, Zilli Dec., ¶11.) Plaintiff failed to refute those arguments.

To the extent that a non-moving party needs specific discovery to address issues raised in a dispositive motion, the non-moving party is entitled to seek redress. Fed. R. Civ. P. 56(d); *Albino*, 747 F.3d at 1170-71; *Wyatt v. Terhune*, 315 F.3d 1108, 1115 n.7 (9th Cir. 2003) (overruled on other grounds by *Albino*, 747 F.3d at 1168-69). Here, however, Plaintiff's opposition sets forth no arguments that he needs any specific discovery to oppose the exhaustion motion. To the contrary, Plaintiff's opposition merely evidences a blanket desire to engage in full merits-based discovery.

As previously discussed, the only issue raised by Plaintiff with respect to the potential for *actual* prejudice is the deprivation of the time allotted for general, merits-based discovery, but in no event will Plaintiff be deprived of his ability to engage in discovery as to the claims which survive Defendants' exhaustion motion. The discovery stay only has the effect of temporarily delaying Plaintiff's engagement in general discovery pending a determination which claims are exhausted and will proceed forward. Once that determination is made, Plaintiff will be able to engage in full discovery regarding his exhausted claims. Given the dates set in the scheduling order, including the expired discovery deadline, an amended scheduling order will be issued at the appropriate juncture.[3]

Finally, while Plaintiff may be unconcerned over the unnecessary expenditure of resources, the Court is mindful that the scarce resources of the federal judiciary and the state government should not be needlessly wasted. To the extent that any of Plaintiff's claims are subject to dismissal for failure to exhaust, engagement in discovery as to those claims *is* unduly burdensome and expensive, and a stay of discovery in this case pending resolution of Defendants' exhaustion motion furthers the goal of efficiency for the Court and the litigants, and allows for the avoidance of any unnecessary expenditures of judicial and government resources.

In sum, in the absence of any actual prejudice to Plaintiff and good cause having been shown, Defendants' motion for a protective order shielding them from discovery pending

---

[3] Plaintiff and Defendants filed motions regarding modification of the scheduling order, and those motions will be addressed by separate order.

5

resolution of their exhaustion motion shall be granted.  Fed. R. Civ. P. 26(c); *Albino*, 747 F.3d at 1170-71.

### IV.  Order

Accordingly, based on the foregoing, the Court HEREBY ORDERS as follows:

1. Defendants' motion for a protective order, filed on January 15, 2014, is GRANTED;

2. Defendants are relieved from serving responses to any discovery requests already served by Plaintiff;

3. Discovery is stayed pending resolution of Defendants' exhaustion motion; and

4. The Court will issue an amended scheduling once Defendants' exhaustion motion is resolved.

IT IS SO ORDERED.

Dated:  **July 21, 2014**                                 **/s/ Sheila K. Oberto**
                                                            UNITED STATES MAGISTRATE JUDGE