# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. LOPEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MATHEW CATE, et al.,<br><br>　　　　Defendants.<br>_____/ | Case No.  1:10-cv-01773-AWI-SKO (PC)<br><br>ORDER GRANTING MOTIONS FOR SCHEDULING ORDER MODIFICATION AND VACATING AMENDED PLEADING, DISCOVERY, AND PRETRIAL DISPOSITIVE MOTION DEADLINES<br><br>(Docs. 48, 97, and 98) |

**I.   Background**

Plaintiff Andrew R. Lopez ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 and California law on September 10, 2010.  This action is proceeding on Plaintiff's amended complaint, filed on March 23, 2012, against Defendants Garcia, Zamora, Espinosa, Jackson, Drew, Olmedo, Munoz, Fields, White, Rousseau, Martinez, Beer, Gray, Beard, and Gipson ("Defendants") for violating Plaintiff's rights under federal and state law.  Plaintiff's claims arise out of his conditions of confinement at California State Prison, Corcoran in Corcoran, California.

Pending before the Court is Defendants' motion for summary judgment based on Plaintiff's failure to exhaust the available administrative remedies, Fed. R. Civ. P. 56.  In a separate order issued concurrently with this order, the Court granted Defendants' motion for a protective order staying discovery pending resolution of the motion, Fed. R. Civ. P. 26(c); *Albino v. Baca*, 747 F.3d 1162, 1170-71 (9th Cir. 2014).

On April 24, 2014, Plaintiff filed a motion to vacate the amended pleading deadline, which was set for May 7, 2014; and on April 28, 2014, Defendants filed a motion to modify the scheduling order.[1]  Fed. R. Civ. P. 16(b)(4).  (Docs. 97, 98.)  Defendants filed an opposition to Plaintiff's motion on May 7, 2014; Plaintiff filed an opposition to Defendants' motion on May 12, 2014, and Defendants filed a reply to Plaintiff's opposition on May 16, 2014.[2]  (Docs. 99, 100, 104.)

## II.  Discussion

The Court has broad discretion to control the course of litigation under Fed. R. Civ. P. 16, *Hunt v. Cnty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012), and the Court may modify a scheduling order for good cause, Fed. R. Civ. P. 16(b)(4).  In this case, Defendants' answer to the amended complaint triggered the issuance of a scheduling order on November 7, 2013, and their subsequent exhaustion motion supported the issuance first of an order *sua sponte* staying discovery on January 16, 2014, and then of a protective order staying discovery pending resolution of the motion.[3]  Fed. R. Civ. P. 26(c); *Albino*, 747 F.3d at 1170-71.  Given that the discovery and amended pleading deadlines set in the scheduling order have passed and the Court anticipates the pretrial dispositive motion deadline will expire before Defendants' exhaustion motion is resolved, good cause exists to modify the scheduling order.  Fed. R. Civ. P. 16(b)(4).

Amendment to the scheduling order depends upon resolution of Defendants' pending exhaustion motion, and due to the heavy caseloads carried by judges in the Eastern District of California, resolution of Defendants' motion to dismiss will occur in due course but at a date uncertain.  Therefore, the amended pleading, discovery, and pretrial dispositive motion deadlines set in the scheduling order filed on November 7, 2013, shall be vacated.  Once Defendants'

---

[1] Defendants' request to maintain the court-imposed discovery stay is denied as moot in light of the Court's order granting their motion for a protective order staying discovery.  Plaintiff's opposition to that request is noted but a stay of discovery pending resolution of an exhaustion motion is appropriate and it was addressed in detail in the order granting the motion for a protective order.  Fed. R. Civ. P. 26(c); *Albino*, 747 F.3d at 1170-71.

[2] Defendants filed a duplicative opposition on May 16, 2014, in error, which was disregarded.  (Doc. 102, 103.)

[3] Following the Ninth Circuit's decision in *Albino*, Defendants' motion to dismiss was denied without prejudice on procedural grounds on April 21, 2014, and Defendants renewed the motion under Fed. R. Civ. P. 56 on May 21, 2014.

exhaustion motion is resolved, the Court will issue an amended scheduling order setting amended pleading, discovery, and pretrial dispositive motion deadlines.

### III.     Order

Accordingly, based on the foregoing, the parties' motions to modify the scheduling order are HEREBY GRANTED, and the amended pleading, discovery, and pretrial dispositive motion deadlines set in the scheduling order filed on November 7, 2013, are VACATED pending further order of the Court.

IT IS SO ORDERED.

Dated:   **July 21, 2014**                                    **/s/ Sheila K. Oberto**
                                                                                   UNITED STATES MAGISTRATE JUDGE