# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. LOPEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>MATHEW CATE, et al.,<br><br>    Defendants.<br>_____/ | Case No.  1:10-cv-01773-AWI-SKO (PC)<br><br>ORDER DENYING FIRST MOTION FOR SANCTIONS, WITH PREJUDICE<br><br>(Doc. 79) |

**I.    Background**

Plaintiff Andrew R. Lopez ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 and California law on September 10, 2010.  This action is proceeding on Plaintiff's amended complaint, filed on March 23, 2012, against Defendants Garcia, Zamora, Espinosa, Jackson, Drew, Olmedo, Munoz, Fields, White, Rousseau, Martinez, Beer, Gray, Beard, and Gipson ("Defendants") for violating Plaintiff's rights under federal and state law.  Plaintiff's claims arise out of his conditions of confinement at California State Prison, Corcoran in Corcoran, California.

On February 12, 2014, Plaintiff filed a motion for sanctions against Defendants and/or their counsel.  (Doc. 79.)  Defendants filed an opposition on February 25, 2014, and Plaintiff filed a reply on March 12, 2014.  (Docs. 81, 89.)  The motion was submitted upon the record without oral argument and for the reasons which follow, it is denied.  Local Rule 230(*l*).

///

**II.     Discussion**

On January 16, 2014, the Court issued an order *sua sponte* staying discovery pending resolution of Defendants' motion for a protective order brought pursuant to Fed. R. Civ. P. 26(c). In light of that order, counsel returned to Plaintiff the discovery he had served on Defendants. Plaintiff takes issue that decision and argues that counsel committed sanctionable misconduct. Plaintiff contends that the order staying discovery did not relieve Defendants of their obligation to respond to discovery already served, and that counsel wasted taxpayer money given (1) the cost of returning the discovery instead of retaining it in the file and (2) the cost Plaintiff will incur for the second time when he has to mail it back to counsel.

Plaintiff also argues counsel perjured himself by stating in a declaration that he was unable to obtain a stipulation to his request for an extension of time based on Plaintiff's incarceration.

The Court finds that Plaintiff has not met his initial burden as the party moving for sanctions. Despite Plaintiff's contention to the contrary, an order staying discovery has the effect of relieving the parties from responding to *any* discovery requests and it precludes any new discovery.

Defendants did not violate the Federal Rules of Civil Procedure, the Local Rules, or a court order when they returned Plaintiff's discovery requests to him in light of the discovery stay. Regardless of Plaintiff's personal opinion of that decision, Plaintiff is not entitled to seek sanctions simply because he disagrees with a litigation decision made by the opposing parties. Sanctions must be based on conduct which is sanctionable under the law, and Plaintiff has identified no valid legal basis supporting his request for sanctions. *See e.g.*, *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 393, 110 S.Ct. 2447 (1990) (Rule 11); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767, 100 S.Ct. 2455 (1980) (inherent authority); *Braunstein v. Arizona Dept. of Transp.*, 683 F.3d 1177, 1189 (9th Cir. 2012) (28 U.S.C. § 1927); *Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001) (inherent authority); *United Nat. Ins. Co. v. R&R Latex Corp.*, 242 F.3d 1102, 1115-16 (9th Cir. 2001) (Rule 11).

With respect to Plaintiff's assertion that counsel committed perjury, counsel attested that a stipulation cannot *reasonably* be obtained based on Plaintiff's incarceration. Indisputably,

2

Plaintiff does not have access to personal email nor does he have a personal telephone number where he can be reached directly, which are the avenues commonly used by attorneys seeking stipulations from one another.  Plaintiff's opinion that there are other reasonable avenues available to counsel to reach him does not transform counsel's statement, which also is opinion-based, into perjury.

As a practical matter, initial ex-parte extensions of time are generally routinely granted to parties in civil litigation, so long as there is no prejudice to the non-moving party.  Often by the time a case concludes, both sides have benefitted from extensions of time over the course of litigation.  Therefore, where there is no actual prejudice to the non-moving party, the Court does not view with favor protests by the non-moving party merely for the sake of being oppositional. This admonition goes both ways.

**III.     Conclusion and Order**

In conclusion, Plaintiff's motion seeking sanctions is frivolous, as it sets forth no legitimate legal ground for the imposition of sanctions against Defendants or their counsel, and the motion is HEREBY DENIED, with prejudice.

IT IS SO ORDERED.

Dated:   **July 21, 2014**                       /s/ Sheila K. Oberto
                                                 UNITED STATES MAGISTRATE JUDGE