# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. LOPEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>MATHEW CATE, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:10-cv-01773-AWI-SKO (PC)<br><br>ORDER DENYING SECOND MOTION FOR SANCTIONS, WITH PREJUDICE<br><br>(Doc. 80) |

## I. **Background**

Plaintiff Andrew R. Lopez ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 and California law on September 10, 2010. This action is proceeding on Plaintiff's amended complaint, filed on March 23, 2012, against Defendants Garcia, Zamora, Espinosa, Jackson, Drew, Olmedo, Munoz, Fields, White, Rousseau, Martinez, Beer, Gray, Beard, and Gipson ("Defendants") for violating Plaintiff's rights under federal and state law. Plaintiff's claims arise out of his conditions of confinement at California State Prison, Corcoran in Corcoran, California.

On February 20, 2014, Plaintiff filed a motion for sanctions against Defendants' counsel. (Doc. 80.) Defendants filed an opposition on March 4, 2014, and Plaintiff filed a reply on March 13, 2014. (Docs. 84, 90.) The motion was submitted upon the record without oral argument and for the reasons which follow, it is denied. Local Rule 230(*l*).

///

**II.     Discussion**

Plaintiff seeks sanctions against and disbarment of Defendants' counsel based on Defendant Olmedo's February 3, 2014, notice of joinder in the previously-filed answer, motion to dismiss, and motion for a protective order. Plaintiff contends that the notice of joinder on behalf Olmedo in the motion to dismiss and for a protective order was improper because the motion acknowledges Plaintiff's claims against Olmedo are exhausted.[1]

Plaintiff's motion is frivolous. As an initial matter, the federal court has no jurisdiction to disbar counsel. *See In re Silverton*, 36 Cal.4th 81, 89-90, 113 P.3d 556, 561 (Cal. 2005) (attorney discipline matters rest with state supreme court).

With respect to other sanctions, Plaintiff identifies no Federal Rule of Civil Procedure, Local Rule, or court order that Defendants' counsel violated, and sanctions must be based on conduct which is sanctionable under the law. *See e.g.*, *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 393, 110 S.Ct. 2447 (1990) (Rule 11); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767, 100 S.Ct. 2455 (1980) (inherent authority); *Braunstein v. Arizona Dept. of Transp.*, 683 F.3d 1177, 1189 (9th Cir. 2012) (28 U.S.C. § 1927); *Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001) (inherent authority); *United Nat. Ins. Co. v. R&R Latex Corp.*, 242 F.3d 1102, 1115-16 (9th Cir. 2001) (Rule 11).

Defendant Olmedo made his appearance in the action and responded to Plaintiff's complaint as contemplated by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12. Notwithstanding the fact that Defendant Olmedo joined in the answer, there is nothing improper about all parties joining in a motion which is not fully dispositive of all claims. To the contrary, it is standard litigation practice consistent with the "long-settled and prudential policy against the scattershot disposition of litigation." *Spiegel v. Trustees of Tufts College*, 843 F.2d 38, 42 (9th Cir. 1988).

///

///

---

[1] Defendants dispute that characterization but as discussed below, it is immaterial whether the motion to dismiss seeks to dispose of all or only some claims.

2

**III.     Conclusion and Order**

In conclusion, Plaintiff's motion for sanctions is patently frivolous, and it is HEREBY DENIED, with prejudice.

IT IS SO ORDERED.

Dated:     **July 21, 2014**                              **/s/ Sheila K. Oberto**
                                                                            UNITED STATES MAGISTRATE JUDGE