1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10   ANDREW R. LOPEZ,                          Case No.  1:10-cv-01773-AWI-SKO (PC)

11              Plaintiff,                      ORDER DENYING PLAINTIFF'S THIRD
                                                MOTION FOR SANCTIONS AND
12        v.                                    GRANTING DEFENDANTS' MOTION FOR
                                                RELIEF FROM RESPONDING TO
13   MATHEW CATE, et al.,                       FURTHER SANCTIONS MOTIONS IN THE
                                                ABSENCE OF A COURT ORDER
14              Defendants.
                                                (Docs. 85 and 88)
15

16   _____/

17   **I.      Background**

18        Plaintiff Andrew R. Lopez ("Plaintiff"), a state prisoner proceeding pro se and in forma

19   pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 and California law on

20   September 10, 2010.  This action is proceeding on Plaintiff's amended complaint, filed on March

21   23, 2012, against Defendants Garcia, Zamora, Espinosa, Jackson, Drew, Olmedo, Munoz, Fields,

22   White, Rousseau, Martinez, Beer, Gray, Beard, and Gipson ("Defendants") for violating Plaintiff's

23   rights under federal and state law.  Plaintiff's claims arise out of his conditions of confinement at

24   California State Prison, Corcoran in Corcoran, California.

25        On March 5, 2014, Plaintiff filed his third motion for sanctions within an approximately

26   one month period.  (Doc. 85.)

27        On March 27, 2014, Defendants filed a motion seeking an order relieving them from their

28   obligation to respond to any additional sanctions motions in the absence of a court order, to

1   include the third motion for sanctions.  (Doc. 88.)  Plaintiff filed an opposition on March 20, 2014,

2   and Defendants filed a reply on March 27, 2014.  (Docs. 92, 93.)

3   **II.    Discussion**

4          **A.    Third Motion for Sanctions**

5          Plaintiff seeks sanctions against Defendants' counsel based on footnote 6 in Defendants'

6   reply to Plaintiff's opposition to their motion to dismiss for failure to exhaust, which reads:

7   "Plaintiff states that he 'covered the entire pages' of the continuation pages that he attached to the

8   CDCR Form 602s for Appeal Nos. COR-08-05137 and COR-08-05161. (ECF No. 68 at 6:8-14.)

9   Plaintiff implies that he lacked space to include additional allegations, but those continuation

10  pages were not entirely covered and Plaintiff never complains of the limited space in his responses

11  to the formal reviews. (ECF No. 59-3 at 25-28, 37-40.)"  (Doc. 77, 4:25-28.)

12         Plaintiff's third motion for sanctions, like his first and second motions, is frivolous in that

13  "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325, 109

14  S.Ct. 1827 (1989) (quotation marks omitted).  As stated in two of the orders issued concurrently

15  with this order, sanctions must be based on conduct which is sanctionable under the law.  *See e.g.*,

16  *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 393, 110 S.Ct. 2447 (1990) (Rule 11); *Roadway*

17  *Express, Inc. v. Piper*, 447 U.S. 752, 767, 100 S.Ct. 2455 (1980) (inherent authority); *Braunstein*

18  *v. Arizona Dept. of Transp.*, 683 F.3d 1177, 1189 (9th Cir. 2012) (28 U.S.C. § 1927); *Gomez v.*

19  *Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001) (inherent authority); *United Nat. Ins. Co. v. R&R*

20  *Latex Corp.*, 242 F.3d 1102, 1115-16 (9th Cir. 2001) (Rule 11).  Plaintiff is unable or unwilling to

21  distinguish between conduct that supports a good faith argument for sanctions versus conduct that

22  is firmly within the bounds of what is part and parcel of an attorney's duty to advocate for his or

23  her client, which includes presenting the facts and the law as favorably as possible to the client

24  while remaining within the boundaries of the law and ethics, all within a system that is adversarial

25  by nature.  *United Nat. Ins. Co.*, 242 F.3d at 1115-16 (citing *Cooter & Gell*, 496 U.S. at 393 and

26  *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 341 (2d. Cir. 1999)) (quotation marks

27  omitted).

28

1    In this instance, the alleged "misconduct" clearly falls within the bounds of appropriate

2   client advocacy.   The failure to exhaust administrative remedies is an affirmative defense

3   appropriately raised before consideration of the merits is reached, and the Court will determine

4   whether or not Plaintiff failed to exhaust when it reaches the merits of Defendants' exhaustion

5   motion.   Fed. R. Civ. P. 56; *Albino v. Baca*, 747 F.3d 1162, 1166, 1170-71 (9th Cir. 2014).

6   Plaintiff's indirect attack on Defendants' exhaustion arguments brought under the guise of a

7   sanctions motion lacks any legitimacy.

8    Accordingly, Plaintiff's third motion for sanctions is frivolous and it is denied, with

9   prejudice.

10   **B.      Motion for Relief from Responding**

11    With respect to Defendants' motion for an order relieving them from responding to any

12   further motions for sanctions in the absence of a court order, the Court has considered the motion,

13   opposition, and reply.  Defendants' motion is granted for the reasons which follow.

14    Plaintiff's three motions for sanctions were patently frivolous, as they lacked any support

15   under the law.  Plaintiff's motions and related filings are suggestive of a litigant who is disdainful

16   of the orderly administration of justice while lacking insight into his own abuse of the judicial

17   process vis-a-vis frivolous and baseless accusations of wrongdoing, leveled at the district court,

18   the defendants, and their counsel.

19    While Plaintiff's own conduct is within the realm of sanctionable conduct, he inherent

20   power of federal courts to sanction litigants for abuse of the judicial process must be exercised

21   with restraint and discretion.  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 111 S.Ct. 2123 (1991).

22   To that end, the Court declines, at this juncture, to consider sanctions in light of Plaintiff's pro se

23   status.  *Chambers*, 501 U.S. at 44.  However, in addition to wasting scarce judicial resources,

24   Plaintiff's baseless motions caused Defendants to unnecessarily expend not insignificant resources

25   responding.   Therefore, pursuant to the Court's inherent authority to manage its docket,

26   Defendants are relieved of any further obligation to respond to motions for sanctions filed by

27   Plaintiff, absent a court order.  *E.g.*, *Chambers*, 501 U.S. at 43-45; *Unigard Sec. Ins. Co. v.*

28

1   *Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992).  If, after reviewing the motion,

2   the Court deems a response necessary, it will order one.

3   **III.**      **Order**

4         Based on the foregoing, Plaintiff's third motion for sanctions is DENIED, with prejudice,

5   and Defendants' motion for an order relieving them from responding to any further sanctions

6   motions in the absence of a court order is GRANTED.

7

8

9   IT IS SO ORDERED.

10    Dated:   **July 21, 2014**                         **/s/ Sheila K. Oberto**
                                                    UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28