# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. LOPEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>MATHEW CATE, et al.,<br><br>    Defendants. | Case No.  1:10-cv-01773-AWI-SKO (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR AN ORDER PRESERVING EVIDENCE, FOR COUNSEL, AND FOR SANCTIONS BE DENIED<br><br>(Doc. 101)<br><br>OBJECTION DEADLINE: THIRTY DAYS<br>REPLY DEADLINE: FIFTEEN DAYS |

### I. Background

Plaintiff Andrew R. Lopez ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 and California law on September 10, 2010.  This action is proceeding on Plaintiff's amended complaint, filed on March 23, 2012, against Defendants Garcia, Zamora, Espinosa, Jackson, Drew, Olmedo, Munoz, Fields, White, Rousseau, Martinez, Beer, Gray, Beard, and Gipson ("Defendants") for violating Plaintiff's rights under federal and state law.  Plaintiff's claims arise out of his conditions of confinement at California State Prison, Corcoran ("CSP-Corcoran") in Corcoran, California.

On May 12, 2014, Plaintiff filed his second motion seeking the issuance of a preliminary injunction prohibiting California Department of Corrections and Rehabilitation ("CDCR") Secretary Jeffery Beard and CSP-Corcoran Acting Warden Dave Davey from destroying

evidence.[1,2] Defendants filed an opposition on May 21, 2014, and Plaintiff filed a reply on June 12, 2014. The motion has been submitted without oral argument pursuant to Local Rule 230(*l*).

## II. Discussion

### A. Injunction Pursuant to All Writs Act

Plaintiff seeks an order enjoining prison officials from destroying evidence pursuant to 28 U.S.C. § 1651, the All Writs Act. However, courts' authority under the All Writs Act "is to be used sparingly and only in the most critical and exigent circumstances," and "[i]t is only appropriately exercised where (1) necessary or appropriate in aid of [the court's] jurisdiction and (2) the legal rights at issue are indisputable clear." *Wisconsin Right to Life, Inc. v. Fed. Election Comm'n*, 542 U.S. 1305, 125 S.Ct. 2 (2004) (internal quotation marks and citations omitted); *accord Hobby Lobby Stores, Inc. v. Sebelius*, __ U.S. __, __, 133 S.Ct. 641, 642-43 (2014); *Samson v. NAMA Holdings, LLC*, 637 F.3d 915, 936 n.93 (9th Cir. 2011). Section 1651 provides no redress to Plaintiff; his attempt to obtain an order preserving discoverable evidence under the All Writs Act is wholly without merit, and the Court recommends it be denied, with prejudice.

### B. Preliminary Injunctive Relief

Next, Plaintiff's motion should also be denied if construed as a motion for preliminary injunctive relief brought pursuant to Federal Rule of Civil Procedure 65.

The purpose of a preliminary injunction is to preserve the status quo and the rights of the parties until a final judgment issues. *U.S. Phillips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1094 (9th Cir. 2010) (quotation marks and citation omitted). A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24, 129 S.Ct. 365 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer

---

[1] Entitled "Plaintiff's second request for a freeze order restraining or otherwise enjoining prison officials to preserve files and records, including e-files and intact meta data." (Doc. 101.)

[2] This action is proceeding against the CDCR Secretary and the Warden of CSP-Corcoran in their official capacities. In his motion, Plaintiff states that Dave Davey has replaced Connie Gipson as the Warden. As such, Dave Davey would be the proper defendant, taking the place of Connie Gipson. *Rounds v. Oregon State Bd. of Higher Educ.*, 166 F.3d 1032, 1036 n.2 (9th Cir. 1999).

irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted).  An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief.  *Id.* at 22 (citation omitted) (emphasis added).

Here, Plaintiff fails to make the requisite showing as to any of the elements that must be established, and the Court recommends his motion be denied, with prejudice.

### C. Order Preserving Evidence

Finally, Plaintiff's motion, properly treated as a motion seeking an order to preserve evidence, should be denied.

"Federal courts have the implied or inherent power to issue preservation orders as part of their general authority 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"  *American LegalNet, Inc. v. Davis*, 673 F.Supp.2d 1063, 1071 (C.D. Cal. 2009) (quoting *Pueblo of Laguna v. United States*, 60 Fed. Cl. 133, 135-36 (2004)).  However, Plaintiff's motion is premised not on any showing that there is specific evidence that is in danger of being destroyed but on the length of time the action has been pending coupled with his unsupported belief that prison official will destroy evidence.[3]  Courts have articulated different tests for determining entitlement to a preservation order but under either standard, Plaintiff fails to make the requisite showing of necessity.  *American LegalNet, Inc.*, 673 F.Supp.2d at 1072 (discussing two standards for determining entitlement to preservation order).

Defendants have a duty to preserve evidence, and Defendants represent that counsel issued a "litigation hold letter," which notified the prison's case records manager of the requirement that Plaintiff's central and medical files and other case-related documents and evidence be preserved. Plaintiff has not shown that a preservation order is needed due to any actual risk that specific evidence will be lost or destroyed during the pendency of this action.  *Id.*  Generalized, unsupported concerns simply do not suffice.  *Id.*

---

[3] Plaintiff's focus on jurisdictional issues in his motion is misplaced.  At the time Plaintiff filed his first motion for the preservation of evidence, the Court noted its lack of jurisdiction over any defendants.  However, lack of jurisdiction was not the basis for the denial of the motion and the fact that the Court now has jurisdiction over the defendants does not translate into entitlement to the relief sought. (Docs. 32, 34.)

3

Case 1:10-cv-01773-DAD-SKO   Document 130   Filed 07/21/14   Page 4 of 5

As Plaintiff was previously informed, "[a] party's destruction of evidence qualifies as willful spoliation if the party has some notice that the documents were potentially relevant to the litigation before they were destroyed," *Leon v. IDX Systems Corp.*, 464 F.3d 951, 959 (9th Cir. 2006) (internal quotation marks and citation omitted), and "[a] federal trial court has the inherent discretionary power to make appropriate evidentiary rulings in response to the destruction or spoliation of relevant evidence," *Med. Lab. Mgmt. Consultants v. American Broad. Cos.*, 306 F.3d 806, 824 (9th Cir. 2002) (internal quotation marks and citation omitted). This duty to preserve evidence, "backed by the court's inherent power to impose sanctions for the destruction of such evidence, is sufficient in most cases to secure the preservation of relevant evidence." *Young v. Facebook, Inc.*, No. 5:10-cv-03579-JF/PVT, 2010 WL 3564847, at *1 (N.D.Cal. Sept. 13, 2010) (citing *Leon*, 464 F.3d at 959).

Accordingly, the Court recommends that Plaintiff's motion for order to preserve evidence be denied, without prejudice.

### D.     Other Issues

#### 1.     Counsel

In his motion, Plaintiff also seeks assistance by counsel.

While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.") The test is whether exceptional circumstances exist and here, they do not, as the Court cannot make a determination that Plaintiff is likely to succeed on the merits, Plaintiff is capable of adequately articulating his legal claims, and the legal issues are not complex. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Wilborn*, 789 F.2d at 1331.

#### 2.     Sanctions

Finally, in his reply, Plaintiff requests sanctions against Defendants' counsel, including disbarment.

4

Plaintiff's request is entirely meritless and should be denied. The propriety of Plaintiff's repeated requests for sanctions against Defendants and their counsel was discussed in three orders issued concurrently with this findings and recommendations. Plaintiff's present request, like the others, is frivolous in that it is not based on sanctionable conduct. *See e.g.*, *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 393, 110 S.Ct. 2447 (1990) (Rule 11); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767, 100 S.Ct. 2455 (1980) (inherent authority); *Braunstein v. Arizona Dept. of Transp.*, 683 F.3d 1177, 1189 (9th Cir. 2012) (28 U.S.C. § 1927); *Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001) (inherent authority); *United Nat. Ins. Co. v. R&R Latex Corp.*, 242 F.3d 1102, 1115-16 (9th Cir. 2001) (Rule 11).

### III.  Recommendation

Based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's motions for a preservation order, counsel, and sanctions be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. Local Rule 304(b). The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections must be filed within **fifteen (15) days** from the date of service of the objections. Local Rule 304(d). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 21, 2014**                           /s/ Sheila K. Oberto
                                                    UNITED STATES MAGISTRATE JUDGE

5