# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. LOPEZ, | Case No. 1:10-cv-01773-AWI-SKO (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION, WITH PREJUDICE, AND DENYING REQUEST FOR COUNSEL |
| v. | |
| MATHEW CATE, et al., | (Doc. 73) |
| Defendants. | |

## I. Procedural History

This action was brought pursuant to 42 U.S.C. § 1983 by Plaintiff Andrew R. Lopez ("Plaintiff"), a state prisoner proceeding pro se. 28 U.S.C. § 1331. The action is proceeding against Defendants Garcia, Zamora, Espinosa, Jackson, Drew, Olmedo, Munoz, Fields, White, Rousseau, Martinez, Beer, Gray, Beard, and Gipson ("Defendants") for violating Plaintiff's rights under federal and state law.

On January 6, 2014, Defendants filed a motion to dismiss for failure to exhaust the administrative remedies, 42 U.S.C. § 1997e(a); Fed. R. Civ. P. 12, and on January 15, 2014, Defendants filed a motion seeking a protective order relieving them of their obligation to respond to Plaintiff's discovery requests and staying future discovery pending resolution of their motion to dismiss. (Docs. 59, 61.)

On January 16, 2014, the Magistrate Judge stayed discovery, *sua sponte*, pending resolution of Defendants' motion for a protective order.[1]  (Doc. 62.)  On February 6, 2014, Plaintiff filed objections.  (Doc. 73.)  Defendants filed a response on February 11, 2014, and Plaintiff filed a reply on March 5, 2014.  (Docs. 78, 86.)

## II.     Legal Standard

Rule 72(a) of the Federal Rules of Civil Procedure allows a party to serve and file objections to a Magistrate Judge's non-dispositive order within ten days.  In this court, this type of objection is treated as a motion for reconsideration by the assigned District Court Judge and should be captioned "Request for Reconsideration."  See Local Rule 72-303.  While Plaintiff did not file a request for reconsideration, in the interests of justice the court will review Plaintiff's objections under Local Rule 72-303.

Motions to reconsider are committed to the discretion of the trial court.  Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987).  "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision."  *U.S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).  When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

The court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A).  Fed. R. Civ. P.

---

[1] Although not material to resolution of Plaintiff's motion for reconsideration, Defendants' motion to dismiss was denied without prejudice pursuant to Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) on April 21, 2014, and Defendants renewed their motion as one for summary judgment on May 21, 2014.  Defendants' motion for a protective order was granted on July 21, 2014.

72(a).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); Sec. Farms v. Int'l Bhd. of Teamsters, 124 F.3d 999, 1014 (9th Cir. 1997); Green v. Baca, 219 F.R.D. 485, 489 (C.D.Cal. 2003); see also Anderson v. Equifax Info. Services LLC, 2007 WL 2412249, at *1 (D.Or. 2007) ("Though Section 636(b)(1)(A) has been interpreted to permit de novo review of the legal findings of a magistrate judge, magistrate judges are given broad discretion on discovery matters and should not be overruled absent a showing of clear abuse of discretion.").  The "'clearly erroneous' standard is significantly deferential." Concrete Pipe and Prod. of California, Inc. v. Constr. Laborers Pension Trust for S. Cal., 508 U.S. 602, 623 (1993).

The "contrary to law" standard allows independent, plenary review of purely legal determinations by the magistrate judge.  See Haines v. Liggett Grp., Inc., 975 F.2d 81, 91 (3rd Cir.1992); Green, 219 F.R.D. at 489; see also Osband v. Woodford, 290 F.3d 1036, 1041 (9th Cir. 2002).  "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008); Rathgaber v. Town of Oyster Bay, 492 F.Supp.2d 130, 137 (E.D.N.Y. 2007); Surles v. Air France, 210 F.Supp.2d 501, 502 (S.D.N.Y. 2001); see Adolph Coors Co. v. Wallace, 570 F.Supp. 202, 205 (N.D. Cal. 1983).

**III.  Discussion and Order**

Plaintiff requests that the court vacate the Magistrate Judge's order *sua sponte* staying discovery on the grounds the order addressed a dispositive matter and was fundamentally unfair to him.  Plaintiff also again seeks the appointment of counsel.

Plaintiff fails to demonstrate entitlement to reconsideration, as the ruling was neither clearly erroneous nor contrary to law.  The discovery order in question was not dispositive, see Local Rule 302(c)(1), and the Magistrate Judge did not abuse her discretion in staying discovery, Hunt v. Cnty. of Orange, 672 F.3d 606, 616 (9th Cir. 2012), as there is no prejudice to Plaintiff and a discovery stay pending resolution of exhaustion motions is appropriate procedurally, Albino, 747 F.3d at 1170-71.  Plaintiff's mere disagreement with an order is not grounds for

reconsideration and his motion for reconsideration is denied. <u>Westlands Water Dist.</u>, 134 F.Supp.2d at 1131.

Regarding counsel, the Magistrate Judge previously considered this issue more than once and correctly determined that Plaintiff is not entitled to the appointment of counsel under 28 U.S.C. § 1915(e)(1) given the absence of "exceptional circumstances." <u>Palmer v. Valdez</u>, 560 F.3d 965, 970 (9th Cir. 2009); <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986); <u>Storseth v. Spellman</u>, 654 F.2d 1349, 1353 (9th Cir. 1981).

For the reasons set forth herein, Plaintiff's motion for reconsideration is DENIED, with prejudice, and his request for the appointment of counsel is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:  July 25, 2014                          _____
                                                SENIOR DISTRICT JUDGE