# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. LOPEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>MATHEW CATE, et al.,<br><br>    Defendants.<br>_____/ | Case No.  1:10-cv-01773-AWI-SKO (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND (1) DENYING PLAINTIFF'S MOTION TO STRIKE AND FOR SANCTIONS, (2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, (3) DIRECTING LIMITED-ISSUE EVIDENTIARY HEARING BE SET, AND (4) DENYING PLAINTIFF'S MOTION FOR COUNSEL AT EVIDENTIARY HEARING<br><br>(Docs. 105, 109, 119, and 137) |

Plaintiff Andrew R. Lopez ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 and California law on September 10, 2010.  This action is proceeding on Plaintiff's amended complaint, filed on March 23, 2012, against Defendants Garcia, Zamora, Espinosa, Jackson, Drew, Olmedo, Munoz, Fields, White, Rousseau, Martinez, Beer, Gray, Beard, and Gipson ("Defendants") for violating Plaintiff's rights under federal and state law.  Plaintiff's claims arise out of his conditions of confinement at California State Prison, Corcoran in Corcoran, California.

The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  On March 23, 2015, the Magistrate Judge issued a Findings and Recommendation addressing Defendants' motion for summary judgment on exhaustion and

statute of limitations grounds and Plaintiff's motion to strike, for sanctions, and for the appointment of counsel. After obtaining an extension of time, Plaintiff filed a timely Objection on April 27, 2015. Local Rule 304(b). Defendants did not file a reply. Local Rule 304(d).

Plaintiff objects to the recommendation that he be denied counsel for the evidentiary hearing, and he objects to the recommendation that judgment be granted as to his claim arising from the retaliatory CDC-128-B chronos issued by Defendants Rousseau and Martinez. (Doc. 137, F&Rs, 14:22-16:2 & 19:19-20:16.) Regarding counsel, this case does not present "exceptional circumstances" supporting a need for appointment of counsel to represent Plaintiff, either generally or with respect to the evidentiary hearing. 28 U.S.C. § 1915(e)(1); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Therefore, the Magistrate Judge's recommendation that Plaintiff's motion for counsel be denied shall be adopted.

Regarding Plaintiff's retaliatory CDC 128-B chronos claim, exhaustion requires that Plaintiff's inmate appeal place prison officials on "adequate notice" as to the conduct which gives rise to his claim. *Sapp v. Kimbrell*, 623 F.3d 813, 818 (9th Cir. 2010). Plaintiff alleges that the chrono placing him on property restriction status for covering his cell light and windows was false and was issued in retaliation against him for complaining on November 7, 2008. (Doc. 21, Amend. Comp., ¶43 & Ex. E.) This forms "the nature of the wrong for which redress is [now] sought." *Sapp*, 623 F.3d at 818 (citation and internal quotation marks omitted). Inmate appeal number COR-08-05161 provided no notice to prison officials that the CDC 128-B chrono was false and was issued in retaliation against Plaintiff for complaining. (Doc. 59-3, Motion to Dismiss, Ex. E.) Plaintiff's argument that the claim is subsumed within the issues grieved in inmate appeal number COR-08-05137 and, is therefore exhausted, is unpersuasive. (*Id.*, Ex. D.) That appeal was filed prior to the issuance of the allegedly retaliatory chrono, and it provides no notice that the CDC 128-B chrono dated November 10, 2008, was allegedly false and was issued in retaliation against Plaintiff for complaining. Therefore, the claim was not exhausted and the Magistrate Judge's recommendation shall be adopted.

1    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a
2  *de novo* review of this case.  Having carefully reviewed the entire file, the Court finds the Findings
3  and Recommendations to be supported by the record and by proper analysis.
4    Accordingly, IT IS HEREBY ORDERED that:
5    1.   The Findings and Recommendations, filed on March 23, 2015, are adopted in full;
6    2.   Plaintiff's motion to strike, filed on June 12, 2014, and motion for sanctions, set
7         forth in his reply, are DENIED;
8    3.   Defendants' motion for summary judgment based on Plaintiff's failure to exhaust
9         the available administrative remedies, filed on May 21, 2014, is GRANTED in part
10        and DENIED in part as follows:
11        a.   Defendants' motion is DENIED as to the excessive force claim against
12             Defendant Gray on the ground that the claim was exhausted;
13        b.   Defendants' motion is DENIED as to the denial of adequate clothing and
14             linens while housed in a cold cell on the ground that the claim was
15             exhausted;
16        c.   Defendants' motion is GRANTED as to the denial of adequate exercise on
17             the ground that the claim was not exhausted;
18        d.   Defendants' motion is DENIED as to the retaliatory property deprivation
19             claim on the ground that the claim was exhausted;
20        e.   Defendants' motion is GRANTED as to the issuance of retaliatory chronos
21             on November 10, 2008, and June 22, 2009 on the ground that the claims
22             were not exhausted;
23        f.   Defendants' motion is DENIED as to the allegedly retaliatory incidents
24             which occurred on July 22, 2009, July 24, 2009, and September 30, 2009,
25             on the ground that there are disputed factual issues requiring an evidentiary
26             hearing; and
27        g.   Defendants' motion is GRANTED as to the state law claims on the ground
28             that they are time barred under the Government Claims Act;

      4.      Plaintiff's request for the appointment of counsel to represent him during the evidentiary hearing is DENIED; and

      5.      This matter is referred back to Magistrate Judge to conduct an evidentiary hearing.

IT IS SO ORDERED.

Dated:   May 19, 2015                        _____
                                                      SENIOR DISTRICT JUDGE

4