# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. LOPEZ,<br><br>           Plaintiff,<br><br>      v.<br><br>MATHEW CATE, et al.,<br><br>           Defendants.<br>_____/ | Case No. 1:10-cv-01773-AWI-SKO (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ISSUANCE OF BLANK SUBPOENAS AND SETTING EVIDENTIARY HEARING<br><br>(Docs. 141 and 142)<br><br>**Meet & Confer Deadline:** September 24, 2015<br>**Joint Witness & Exhibit Lists Due:** October 8, 2015<br>**Exhibits Due:** October 8, 2015<br>**Hearing:** October 22, 2015, at 9:30 a.m. in Courtroom 7 (SKO) |

Plaintiff Andrew R. Lopez ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 10, 2010. This action is currently proceeding on Plaintiff's amended complaint, filed on March 23, 2012, against Defendants Garcia, Zamora, Espinosa, Jackson, Drew, Olmedo, Munoz, Fields, White, Rousseau, Martinez, Beer, Gray, Beard, and Gipson ("Defendants") for violating Plaintiff's federal constitutional rights. Plaintiff's claims arise out of his conditions of confinement at California State Prison, Corcoran in Corcoran, California in 2008 and 2009.

Defendants' motion for summary judgment for failure to exhaust was resolved in full with the exception of Plaintiff's First Amendment retaliation claims against Defendants Garcia and Beer arising out of incidents alleged to have occurred on July 22, 2009, July 24, 2009, and September 30, 2009. 42 U.S.C. § 1997e(a); Fed. R. Civ. P. 56(a). With respect to those claims,

the Court determined that there are disputed factual issues requiring an evidentiary hearing. *Williams v. Paramo*, 775 F.3d 1182, 1191-92 (9th Cir. 2015); *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014) (en banc).

    Thereafter, on June 11, 2015, Plaintiff filed a motion seeking the issuance of five blank subpoenas ad testificandum, in anticipation of the evidentiary hearing. Defendants did not file a response. Local Rule 230(*l*). By this order, the Court shall schedule the evidentiary hearing, with notice to the parties regarding the parameters. In light of the requirement that the parties meet and confer over joint exhibit and witness lists, Plaintiff's motion for the issuance of blank subpoenas shall be denied.

    Accordingly, the Court HEREBY ORDERS as follows:

1. Plaintiff's motion for the issuance of blank subpoenas, filed on June 11, 2015, is DENIED;

2. An evidentiary hearing is SET before the undersigned to decide the disputed issues of fact relating to the exhaustion of Plaintiff's three retaliation claims;

3. The hearing will be held on **October 22, 2015, at 9:30 a.m.**, in Courtroom 7, Sixth Floor, United States District Court, Fresno, California; it will commence and be completed that day; and it will be limited to the issue of whether Plaintiff is excused from the Prison Litigation Reform Act's exhaustion requirement because the administrative remedies were "effectively unavailable;"

4. The parties should be prepared to present evidence as to the following:

    a. Whether Plaintiff properly filed appeals grieving the events of July 22, 2009, July 24, 2009, and September 30, 2009, in compliance with the applicable procedural rules; and

    b. If so, whether the administrative remedy process was rendered unavailable through the loss or theft of his properly submitted appeals;

5. In preparation for the hearing, no later than **September 24, 2015**, the parties SHALL meet and confer, by telephone or in person, regarding the witnesses to be called and evidence to be presented at the hearing;[1]

6. No later than **October 8, 2015**, defense counsel SHALL file a statement setting forth the witnesses to be called and the documents to be presented at the hearing; and

7. Defense counsel SHALL provide **four (4) copies** of all exhibits to be used at the hearing to Judge Oberto's chambers no later than **October 8, 2015**.[2]

IT IS SO ORDERED.

Dated:   **July 24, 2015**                    /s/ Sheila K. Oberto
                                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] Witnesses are limited to those qualified to provide relevant testimony on the exhaustion issues identified herein. Fed. R. Evid. 401, 402, 602, 701, 702.

[2] One for the witness stand, one for the judge, and two for court staff.

3