# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. LOPEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MATHEW CATE, et al.,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:10-cv-01773-DAD-SKO (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR COUNSEL AND FOR LEAVE TO CONDUCT PRE-EVIDENTIARY HEARING DISCOVERY<br><br>(Doc. 146) |

## I.   Procedural Background

Plaintiff Andrew R. Lopez ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 10, 2010. This action is currently proceeding on Plaintiff's amended complaint, filed on March 23, 2012, against Defendants Garcia, Zamora, Espinosa, Jackson, Drew, Olmedo, Munoz, Fields, White, Rousseau, Martinez, Beer, Gray, Beard, and Gipson ("Defendants") for violating Plaintiff's federal constitutional rights. Plaintiff's claims arise out of his conditions of confinement at California State Prison, Corcoran in Corcoran, California in 2008 and 2009.

Discovery in this case has been stayed pending final resolution of Defendants' motion for summary judgment for failure to exhaust the available administrative remedies. 42 U.S.C. § 1997e(a); Fed. R. Civ. P. 56(c); *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014) (en banc), *cert. denied*, 135 S.Ct. 403 (2014). (Docs. 62, 124.) Defendants' motion was granted in part and denied in part on May 19, 2015, and, in relevant part, the motion was denied as to the allegedly

retaliatory incidents that occurred on July 22, 2009, July 24, 2009, and September 30, 2009, on the basis of disputed factual issues necessitating an evidentiary hearing.  (Docs. 137, 141.)  The evidentiary hearing is currently set for March 3, 2016.  (Docs. 145, 147.)

On October 15, 2015, Plaintiff filed a motion seeking the appointment of counsel to represent him during the evidentiary hearing and for leave to conduct pre-evidentiary hearing discovery.  (Doc. 146.)  Defendants filed an opposition on November 5, 2015, Plaintiff filed a reply on November 23, 2015, and the motion has been submitted on the record without oral argument pursuant to Local Rule 230(*l*).  (Docs. 148, 149.)

**II.     Discussion**

   **A.     Summary of Parties' Positions**

In addition to seeking counsel, Plaintiff raises two discovery-related issues.  First, Plaintiff states that he has been relying on the 1995 version of the Department Operations Manual ("DOM"), which he obtained through discovery and which was maintained in the prison law library up until the January 2011 revision to the inmate appeal process.[1]  Plaintiff states that prior to the 2011 revision, he was repeatedly told by prison staff that there were no new revisions.  However, on September 22, 2015, Defendants' counsel told Plaintiff that he was submitting an August 2007 version of the DOM, section 54100, as an exhibit at the evidentiary hearing.  Plaintiff contends that it is mandatory the DOM, including any supplements, be maintained in the prison law library, and that he has checked through the years for any revisions or supplements, only to find none.  Based on counsel's statement that he intends to introduce an August 2007 DOM supplement, section 54100.11.1, Plaintiff believes the document to be fraudulent.

Additionally, Plaintiff seeks the issuance of a subpoena *duces tecum* commanding the Office of the Inspector General for the State of California ("OIG") to produce (1) records, documents, and data relied on for its September 2011 Special Report entitled "CDCR's Revised Inmate Appeal Process Leaves Key Problems Unaddressed," and (2) any and all records relating

---

[1] Plaintiff has litigated other cases in this district and has previously engaged in discovery as a result.

2

to CDCR's inmate appeal process.[2]  Fed. R. Civ. P. 45.  (Doc. 146, Motion, 2:22-23.)  Plaintiff states that primary deficiencies identified in the OIG's Special Report were the inability to prove an attempt to resolve an issue, allegations of lost or destroyed appeals, lack of accountability, and the failure to provide a means by which employees could refute inmates' claims that appeals were lost or mishandled.  One suggestion for improving accountability was to remove the responsibility for collecting and reading appeals from custody staff, which is an issue related to Plaintiff's position that he properly submitted his appeals to the locked appeals box accessed by custody staff, pursuant to the official procedure.  Plaintiff argues that the OIG possesses the records, documents, and data underlying the 2011 Special Report, and that information is material to his position he properly submitted inmate appeals but received no response.

Defendants oppose the motion on the grounds that they will produce the 2007 DOM supplement to section 54100.11.1 before the evidentiary hearing, and that discovery of the "2011 Office of Investigative (IGI) Service Report" is privileged and its relevancy is outweighed by the IGI's need for confidentiality.  (Doc. 148, Opp., 2:7-9.)  Defendants contend that the report, "if it exists," is not in their possession, custody, or control, and that Plaintiff will need to seek it via a subpoena, to which the Office of Investigative Services will object under the official information privilege.  (*Id.*, 3:13.)

In reply, Plaintiff states that Defendants incorrectly characterize his discovery request as limited to the DOM section that they intend to introduce during the evidentiary hearing and will produce to him.  Plaintiff also states that their argument regarding the OIG report lacks merit because he made no mention of IGI (Institution Gang Investigations), and that because Defendants' counsel does not represent the OIG, he is not in the position to object to the discovery request or invoke any privileges or protections.

### B.  **Appointment of Counsel for Evidentiary Hearing**

The Court may appoint counsel for an indigent litigant pursuant to 28 U.S.C. § 1915(e)(1) only "under exceptional circumstances."  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009);

---

[2] The Court takes judicial notice of the report, which is publically available on the OIG's website at: http://www.oig.ca.gov/pages/reports/archive.php?sd=Reports.  Fed. R. Evid. 201(b)(2).

3

*Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  In making this determination, the Court must evaluate "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Palmer*, 560 F.3d at 970 (citation and internal quotation marks omitted).  "Neither of these considerations is dispositive and instead must be viewed together." *Id.* (citation omitted).

In this case, the Court does not find exceptional circumstances warranting the appointment of counsel.  Even if Plaintiff is likely to succeed on the merits, the issues are not complex and he is unquestionably competent to articulate the issues and his position *pro se*.  Therefore, Plaintiff's renewed motion for the appointment of counsel to represent him during the evidentiary hearing is denied.

### C.     2007 DOM Supplement

The evidentiary hearing was originally scheduled for October 22, 2015, and the parties were ordered to meet and confer no later than September 24, 2015, regarding witnesses to be called and evidence to be presented. (Doc. 143.)  Further, Defendants' counsel was ordered to file a statement setting forth the witnesses to be called and the documents to be presented at the hearing no later than October 8, 2015, and to provide copies of the exhibits to Judge Oberto's chambers no later than October 8, 2015. (*Id.*)  The parties conferred by telephone on September 22, 2015, in compliance with the order, and at that time, counsel apparently disclosed the 2007 DOM supplement now at issue.  However, pursuant to the parties' request, the evidentiary hearing was vacated on October 5, 2015, and subsequently rescheduled for March 3, 2016. (Docs. 144, 145, 147.)  As a result, exhibits were not exchanged or submitted to the Court, and the exhibit and witness lists were not filed.  Thus, Plaintiff's concerns regarding his attempts throughout time to secure any supplements to the DOM issued between 1995 and 2011 do not relate to any failure by Defendants to comply with the evidentiary hearing orders in this case.

Nor do Plaintiff's concerns relate to any discovery disputes previously addressed by the Court in this case, as discovery was stayed pursuant to orders filed on January 16, 2014, and July

21, 2014.³ (Docs. 62, 124.) Whatever the underlying merits of Plaintiff's contention that he repeatedly tried to obtain DOM supplements but was told there were none may be, those attempts do not relate to issues that were addressed in this case and they do not form any basis entitling Plaintiff to redress at this time.

That said, Plaintiff apparently does not have the 2007 DOM supplement identified by Defendants, he has been unable to obtain it, and he is entitled to have it *prior* to the evidentiary hearing. Pursuant to the amended scheduling order, the parties are required to meet and confer no later than **January 28, 2016**, and witness and exhibits lists are due no later than **February 18, 2016**. Therefore, Defendants shall serve the previously disclosed 2007 DOM supplement on Plaintiff within **three business days** after the date they meet and confer, and any other documents they intend to introduce at the hearing shall be served on Plaintiff no later than **February 18, 2016**.

### D.     Information Underlying OIG's September 2011 Special Report

Next, Plaintiff's position with respect to exhaustion of the administrative remedies is that he submitted his inmate appeals in compliance with the proper procedure in 2009 and they received no response. Thus, the OIG's September 2011 Special Report determining that there were deficiencies in the appeal process with respect to accountability for appeals submitted is relevant.⁴ Fed. R. Evid. 401. It is not clear if Plaintiff possesses the report – which, it bears reiteration, is public information – or if he has merely heard of its existence. It is also not clear if Defendants are confusing the report with something else, given their reference to IGI rather than OIG. Regardless, production of a government agency's publically available report is not subject

---

³ Discovery was opened by order on November 7, 2013. (Doc. 48.) Plaintiff served some discovery requests and the responses were due on January 31, 2014, pursuant to the extension of time granted to Defendants. (Doc. 57.) Discovery was subsequently stayed, prior to the response deadline.

⁴ Admissibility is a separate issue but one that is premature at this juncture. Fed. R. Evid. 402. However, "[a]t summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial." *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing *Block v. City of Los Angeles*, 253 F.3d 410, 418-19 (9th Cir. 2001)) (internal quotations omitted). The focus is on the admissibility of the evidence's contents, not its form. *Fonseca v. Sysco Food Servs. of Arizona, Inc.*, 374 F.3d 840, 846 (9th Cir. 2004); *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003); *Cheeks v. General Dynamics*, 22 F.Supp.3d 1015, 1027 (D.Ariz. 2014); *Burch v. Regents of Univ. of California*, 433 F.Supp.2d 1110, 1122 (E.D.Cal. 2006).

to any objections based on privacy, confidentiality, and/or the official information privilege, notwithstanding Defendants' lack of standing to object formally to its production; and Plaintiff is entitled to view the report.[5]

What Plaintiff seeks, however, is not the September 2011 Special Report but the underlying investigative information on which it was based. That information is, at best, tangential, and broad discovery of that information for the purpose of proving there are deficiencies in the prison's inmate appeal process is not supportable.[6] Fed. R. Evid. 401; Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 45; *Albino*, 747 F.3d at 1170-71. The purpose of the evidentiary hearing is to resolve very narrow issues of fact and while an agency report containing findings regarding problems with accountability is relevant to Plaintiff's position, the investigative data underlying the report is too attenuated given that the factual findings to be made by the Court do not extend to general deficiencies or accountability problems with the appeal process.

At the hearing, the Court will receive evidence regarding (1) the procedural rules (Title 15 regulations, DOM procedures, etc.) governing the appeal process during the relevant time period in 2009 and (2) what Plaintiff did with respect to the specific appeals at issue (e.g., the substance of the appeals and the procedural steps taken). If the Court determines that Plaintiff attempted to "properly exhaust" the administrative remedy process by complying with the procedural and substantive rules, *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S.Ct. 2378, 2392 (2006); *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015); *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014), but he received no response to his appeals, the inquiry ends, *see McBride v. Lopez*, __ F.3d __, __, No. 2015 WL 7434623, at *3 (9th Cir. Nov. 24, 2015) (inmates are allowed to bring claims into federal court when prison officials have rendered the grievance process effectively unavailable) (quotation marks omitted). Plaintiff does not have to prove that the appeals he submitted were in fact lost or stolen by prison officials. *Williams*, 775 F.3d at 1191. Accordingly,

---

[5] *See Sanchez v. City of Santa Ana*, 936 F.3d 1027, 1033-34 (9th Cir. 1990) (recognizing qualified privilege for official information under federal common law); *Rogers v. Giurbino*, 288 F.R.D. 469, 481 (S.D.Cal. 2012) (describing balancing test for material subject to official information privilege).

[6] Although Defendants' counsel does not represent the OIG, as Plaintiff points out, the Court has an independent duty to ensure that any Rule 45 subpoena sought by Plaintiff would not impose an undue burden or expense on the OIG. Fed. R. Civ. P. 45(d)(1).

it is unnecessary for Plaintiff to engage in pre-evidentiary hearing discovery to obtain the underlying material relied on by the OIG in preparing its September 2011 Special Report and his motion is denied.  Fed. R. Evid. 401; Fed. R. Civ. P. 26(b)(1); *Albino*, 747 F.3d at 1170-71.

### III. Order

Based on the foregoing, the Court HEREBY ORDERS as follows:

1. Plaintiff's motion for the appointment of counsel to represent him at the evidentiary hearing is DENIED;
2. Plaintiff's motion to open pre-evidentiary hearing discovery and for the issuance of a subpoena *duces tecum* commanding the OIG to produce documents underlying its September 2011 Special Report is DENIED;
3. Defendants shall serve the 2007 DOM supplement within **three (3) business days** after they meet and confer on or before **January 28, 2016**; and
4. Any other documents Defendants intend to introduce during the evidentiary hearing shall be served on Plaintiff no later than **February 18, 2016**.

IT IS SO ORDERED.

Dated:   **December 22, 2015**                    /s/ Sheila K. Oberto
                                                  UNITED STATES MAGISTRATE JUDGE

7