UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. LOPEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>MATHEW CATE, et al.,<br><br>    Defendants. | No. 1:10-cv-01773-DAD-SKO (PC)<br><br>Order Denying Plaintiff's Request for Reconsideration by the District Court of Magistrate Judge's Ruling (Doc. No. 153) |

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff seeks reconsideration, Doc. No. 153, of the magistrate judge's order denying leave to conduct certain pre-evidentiary hearing discovery and ordering certain documents disclosed to plaintiff.[1] (Doc. No. 152.) Specifically, plaintiff seeks: 1) the issuance of a subpoena to the Office of the Inspector General for the State of California (OIG) concerning investigative materials that underlie a report promulgated by that office on problems with the California Department of Corrections and Rehabilitation's (CDCR) inmate appeal process; and 2) production by defendants of a more recent version of the prison's

/////

/////

---

[1] The same order denied plaintiff's request for the appointment of counsel in connection with the evidentiary hearing. (Doc. No. 152.) Plaintiff does not seek reconsideration of that decision.

Department Operations Manual (DOM),[2] which he asserts will be relevant at an upcoming evidentiary hearing concerning whether he exhausted his claims prior to bringing suit as required. (*See* Doc. Nos. 146, 152, 153.)

Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may be decided by a magistrate judge, subject to reconsideration by the district judge. *See also* Local Rule 303(c). The assigned district judge shall, upon reconsideration, modify or set aside any part of the magistrate judge's order which is "found to be clearly erroneous or contrary to law." Local Rule 303(f); *see also* 28 U.S.C. § 636(b)(1)(A). Discovery motions are non-dispositive pretrial motions within the scope of Rule 72(a) and 28 U.S.C. § 636(b)(1)(A), and thus subject to the "clearly erroneous or contrary to law" standard of review. *Rockwell Intern., Inc. v. Pos-A-Traction Industries, Inc.*, 712 F.2d 1324, 1325 (9th Cir. 1983). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *Anti–Monopoly, Inc. v. General Mills Fun Group, Inc.*, 684 F.2d 1316, 1318 (9th Cir. 1982).

The court has reviewed de novo the relevant documents in this case, and finds that the magistrate judge's denial of plaintiff's motion was not clearly erroneous or contrary to law. Therefore, the court will DENY plaintiff's request for reconsideration for the reasons stated below.

A district court has "wide latitude in controlling discovery," and decisions governing discovery are "highly fact-intensive." *In re Anonymous Online Speakers*, 661 F.3d 1168, 1176 (9th Cir. 2011) (quoting *White v. City of San Diego*, 605 F.2d 455, 461 (9th Cir. 1979)). The Ninth Circuit has noted that judges may conduct evidentiary hearings in order to determine whether a claim has been exhausted prior to bringing suit as required by the Prison Litigation Reform Act (PLRA), codified at 42 U.S.C. § 1997e(a). *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014). The Ninth Circuit has also recognized that in doing so, "[i]f discovery is appropriate,

---

[2] Plaintiff maintains he has only had access to the 1995 DOM, but that defendant's counsel disclosed a 2007 DOM supplement that will be presented to the court at the evidentiary hearing.

the district court may in its discretion limit discovery to evidence concerning exhaustion, leaving until later — if it becomes necessary — discovery directed to the merits of the suit." *Id.* For example, a court may limit discovery if it determines that "the discovery is: (1) unreasonably cumulative or duplicative; (2) obtainable from another source that is more convenient, less burdensome, or less expensive; or (3) the burden or expense of the proposed discovery outweighs its likely benefit." *Mailhoit v. Home Depot U.S.A., Inc.*, 285 F.R.D. 566, 571 (C.D. Cal. 2012) (quoting *Favale v. Roman Catholic Diocese of Bridgeport*, 235 F.R.D. 553, 558 (D. Conn. 2006)).

The factual investigative material which underlies the OIG report is, as stated by the assigned magistrate judge, tangential to the question of whether or not plaintiff's claims were adequately exhausted. The report notes OIG staff reviewed laws, rules, policies, and procedures concerning inmate appeals, conducted interviews with various employees and inmates, obtained and analyzed data concerning training programs and statistics related to inmate appeals, and reviewed public comments related to regulatory changes in the inmate appeal process. Calif. Office of Inspector General, *CDCR's Revised Inmate Appeal Process Leaves Key Problems Unaddressed*, at 8 (2011), *available at* http://www.oig.ca.gov/pages/reports/archive.php?sd=Reports. Almost none of this information would be potentially relevant to the narrow issues of fact to be decided at the evidentiary hearing, which relate only to whether inmate appeals purportedly filed by plaintiff on June 22, 2009, June 24, 2009, and October 6, 2009 reflect sufficient exhaustion for purposes of the PLRA. (*See* Doc. No. 137, pp. 16–19.) The burden and expense of ordering this discovery sought by plaintiff outweighs any likely benefit, and the magistrate judge did not act contrary to law or in a clearly erroneous manner in declining to order it.

Additionally, to the extent plaintiff seeks reconsideration of the magistrate judge's denial of his request for pre-evidentiary hearing production of the 2007 DOM supplement, the court notes the magistrate judge actually ordered defendants to serve the 2007 DOM supplement on plaintiff within three business days of the date they meet and confer, which is well before the anticipated evidentiary hearing date. (*See* Doc. No. 152 at 5.) It is therefore unclear what,

1 exactly, plaintiff seeks to have the undersigned reconsider.  It is possible plaintiff wishes to have
2 these documents provided even earlier than the magistrate judge has ordered.  However, the
3 timeline set forth by the magistrate judge is not clearly erroneous or contrary to the law, and the
4 undersigned therefore declines the request to reconsider this aspect of the ordered discovery.
5      Accordingly, for the reasons set forth above, plaintiff's request for reconsideration of the
6 magistrate judge's discovery ruling (Doc. No. 153) is hereby DENIED.

IT IS SO ORDERED.

Dated:   **January 12, 2016**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE