# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. LOPEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MATTHEW CATE, et al.,<br><br>　　　　Defendants. | Case No.  1:10-cv-1773-DAD-SKO (PC)<br><br>**SCHEDULING ORDER FOR EVIDENTIARY HEARING**<br><br>**Motion for Incarcerated Witnesses:** May 27, 2016<br>**Opposition to Motion for Incarcerated Witnesses:** June 27, 2016<br>**Meet & Confer:** July 22, 2016<br>**Joint Witness & Exhibit Lists:** August 8, 2016<br>**Hearing:** August 24, 2016, 10:00 a.m., Courtroom 7 (SKO) |

Plaintiff Andrew R. Lopez ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 10, 2010.  This action is currently proceeding on Plaintiff's amended complaint, filed on March 23, 2012, against Defendants Garcia, Zamora, Espinosa, Jackson, Drew, Olmedo, Munoz, Fields, White, Rousseau, Martinez, Beer, Gray, Beard, and Gipson ("Defendants") for violating Plaintiff's federal constitutional rights.  Plaintiff's claims arise out of his conditions of confinement at California State Prison, Corcoran, in Corcoran, California in 2008 and 2009.

Defendants' motion for summary judgment for failure to exhaust was resolved with the exception of Plaintiff's First Amendment retaliation claims against Defendants Garcia and Beer arising out of incidents alleged to have occurred on July 22, 2009, July 24, 2009, and September 30, 2009.  42 U.S.C. § 1997e(a); Fed. R. Civ. P. 56(a).  With respect to those claims, the Court determined that there are disputed factual issues requiring an evidentiary hearing.  *Williams v. Paramo*, 775 F.3d 1182, 1191-92 (9th Cir. 2015); *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir.

1

2014) (en banc).

The evidentiary hearing was initially set for October 22, 2015. (Doc. 143.) At Defendants' request, because of unavailability of a witness, it was rescheduled for March 3, 2016. (*See* Docs. 144, 145, 147.) The parties then requested that the evidentiary hearing be rescheduled because of Plaintiff's inability to access his legal documents and evidence since his transfer to Pelican Bay State Prison. (Doc. 159.)  Two status conferences were held and defense counsel graciously ascertained that Plaintiff's legal property is presently located at Pelican Bay State Prison where Plaintiff is currently housed.  The case is now ready to be scheduled for evidentiary hearing on the limited issue of exhaustion of the three claims noted above.

**Attendance of Incarcerated Witnesses:**

At the March 9, 2016, status conference, Plaintiff indicated he had six or seven inmates who he desired to call as witnesses and inquired regarding the issuance of subpoenas for their attendance.

Plaintiff is required to make a particularized showing in order to obtain the attendance of witnesses.  The procedures and requirements for making such a showing are outlined in detail below.  Plaintiff is advised that failure to comply with the procedures set forth below may result in the preclusion of any and/or all of his desired witnesses.[1]

An incarcerated witness who agrees to attend the hearing to give testimony cannot come to court unless the Court orders the warden or other custodian to permit the witness to be transported to court.  The Court will not issue such an order unless it is satisfied that the prospective witness has actual knowledge of relevant facts.

A party intending to introduce the testimony of incarcerated witnesses who have agreed to attend the hearing must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of the hearing.  The motion must: (1) state the name, address, and prison identification number of each such witness; and (2) be accompanied by

---

[1] Notwithstanding the requirements set forth herein, it is within the Court's discretion to grant a motion for the attendance of incarcerated witnesses if the moving party has shown the witnesses have relevant information and the Court determines the witnesses' presence will substantially further the resolution of the issue. *Wiggins v. County of Alameda*, 717 F.2d 466, 468 n.1 (9th Cir. 1983).

declarations showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts.  The motion should be entitled "Motion for Attendance of Incarcerated Witnesses."

The willingness of the prospective witness can be shown in one of two ways:  (1) the party himself can swear by declaration under penalty of perjury that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed, in which declaration the party must state when and where the prospective witness informed the party of this willingness; or (2) the party can serve and file a declaration, signed under penalty of perjury by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

The prospective witness's actual knowledge of relevant facts can be shown in one of two ways:  (1) if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts (e.g., if an incident occurred in Plaintiff's cell and, at the time, Plaintiff saw that a cellmate was present and observed the incident, Plaintiff may swear to the cellmate's ability to testify), the party himself can swear by declaration under penalty of perjury that the prospective witness has actual knowledge; or (2) the party can serve and file a declaration signed under penalty of perjury by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye or ear witness.  Whether the declaration is made by the party or by the prospective witness, it must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

The Court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court.  Subsequently, the Court will issue the order necessary to cause the witness's custodian to bring the witness to court.

**Exhibits:**

The parties are required to meet and confer, by telephone or other means, to agree upon and identify their joint exhibits, if any.  Joint exhibits shall be pre-marked with the prefix "JT" and numbered sequentially beginning with 1 (e.g., JT-1, JT-2, etc.).  Plaintiff's exhibits shall be

pre-marked with the prefix "PX" and numbered sequentially beginning with 100 (e.g., PX-100, PX-101, etc.). Defendants' exhibits shall be pre-marked with the prefix "DX" and numbered sequentially beginning with 200 (e.g., DX-200, DX-201, etc.). Defendant's counsel shall submit 4 copies of the exhibits, with exhibit lists, by no later than August 8, 2016.

Accordingly, the Court HEREBY ORDERS as follows:

1. The evidentiary hearing will be held on **August 24, 2016, at 10:00 a.m.**, in Courtroom 7, Sixth Floor, United States District Court, Fresno, California; it will commence and be completed that day; and it will be limited to the issue of whether Plaintiff is excused from the Prison Litigation Reform Act's exhaustion requirement because the administrative remedies were "effectively unavailable";

2. The parties shall be prepared to present evidence as to the following:

    a. Whether Plaintiff properly filed appeals grieving the events of July 22, 2009, July 24, 2009, and September 30, 2009, in compliance with the applicable procedural rules; and

    b. If so, whether the administrative remedy process was rendered unavailable through the loss or theft of his properly submitted appeals;

3. The parties are to engage in settlement discussions and defense counsel is to notify the Court if the parties desire a settlement conference;

4. If Plaintiff intends to call incarcerated witnesses at the hearing, he shall serve and file a motion for attendance of incarcerated witnesses as described in this order on or before **May 27, 2016;**

5. Any opposition to Plaintiff's motion for the attendance of incarcerated witnesses shall be filed on or before **June 27, 2016**;

6. In preparation for the hearing, no later than **July 22, 2016**, the parties shall meet and confer, by telephone or in person, regarding the witnesses to be called and evidence to be presented at the hearing;[2]

---

[2] Witnesses are limited to those qualified to provide relevant testimony on the exhaustion issues identified herein. Fed. R. Evid. 401, 402, 602, 701, 702.

7. No later than **August 8, 2016**,³ defense counsel shall file a statement setting forth the witnesses each side intends to call and the documents to be presented at the hearing; and

8. Defense counsel shall provide **four (4) copies** of all exhibits, marked as directed above, to Judge Oberto's chambers no later than **August 8, 2016.**⁴

IT IS SO ORDERED.

Dated:   **March 15, 2016**                          /s/ Sheila K. Oberto
                                                UNITED STATES MAGISTRATE JUDGE

---

³ The Court will endeavor to rule on any pending motions for attendance of incarcerated witnesses prior to this date.
⁴ One for the witness stand, one for the judge, and two for court staff.

5