# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. LOPEZ,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW CATE, et al.,<br><br>Defendants. | Case No. 1:10-cv-1773-DAD-SKO (PC)<br><br>**ORDER GRANTING AND DENYING PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES AT EVIDENTIARY HEARING**<br><br>**(Doc. 172)** |

### INTRODUCTION

Plaintiff, Andrew R. Lopez, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 10, 2010.  Plaintiff is currently proceeding on the First Amended Complaint (Doc. 21), filed on March 23, 2012, against Defendants Garcia, Zamora, Espinosa, Jackson, Drew, Olmedo, Munoz, Fields, White, Rousseau, Martinez, Beer, Gray, Beard, and Gipson ("Defendants") for violating Plaintiff's federal constitutional rights.  Plaintiff's claims arise out of his conditions of confinement at California State Prison, Corcoran ("CSP-Cor") in Corcoran, California in 2008 and 2009.

Defendants' motion for summary judgment for failure to exhaust ("MSJ") did not resolve Plaintiff's First Amendment retaliation claims against Defendants Garcia and Beer arising out of incidents which allegedly occurred on July 22, 2009, July 24, 2009, and September 30, 2009.  42 U.S.C. § 1997e(a); Fed. R. Civ. P. 56(a).  With respect to those claims, the Court determined that there are disputed factual issues which could not be resolved absent an evidentiary hearing.  *Williams v. Paramo*, 775 F.3d 1182, 1191-92 (9th Cir. 2015); *Albino v. Baca*, 747 F.3d 1162,

1

1170 (9th Cir. 2014) (en banc).

Thus, an evidentiary hearing has been scheduled for August 23, 2016, ("the Evidentiary Hearing"). (Docs. 170, 171.)[1] The order setting the hearing allowed Plaintiff to file a motion for attendance of incarcerated witnesses on or before May 27, 2016. (Doc. 170.) On May 25, 2016, Plaintiff filed a motion requesting, in addition to himself, the attendance of two incarcerated witnesses (Jose Avina, IM #J-86625 and Kenneth Oliver, IM #K-54606). (Doc. 172.) Defendants filed an opposition on or before the June 27, 2016, due date. (Docs. 170, 173.) Plaintiff filed his reply on July 14, 2016. (Doc. 174.) The motion is deemed submitted.

To the extent Plaintiff's motion seeks his own attendance at the Evidentiary Hearing, it is summarily **GRANTED**. However, to the extent his motion seeks the attendance of IM Avina and IM Oliver, it is **DENIED** because he fails to show that they have actual knowledge of relevant facts.

## ANALYSIS

The only issues for resolution at the Evidentiary Hearing are whether Plaintiff exhausted available administrative remedies on his First Amendment retaliation claims against Defendants Garcia and Beer on incidents which allegedly occurred on July 22, 2009, July 24, 2009, and September 30, 2009. The relevant issues are: what inmate appeals process was generally available to inmates in 2009, and whether it was rendered unavailable to Plaintiff. The Findings and Recommendation, which addressed Defendants' MSJ ("the F&R on MSJ"), found that Plaintiff's evidence raised factual disputes to necessitate the Evidentiary Hearing. (Doc. 137, F&R on MSJ, pp. 16-19.)

**A. Legal Standards**[2]

Generally, in determining whether to grant motions for the attendance of incarcerated witnesses, factors for consideration include (1) whether the inmate's presence will substantially

---

[1] Because of a calendar conflict, the Evidentiary Hearing was rescheduled from August 24, 2016 (Doc. 170) to August 23, 2016 (Doc. 171).

[2] Notwithstanding the requirements set forth herein, it is within the Court's discretion to grant a motion for the attendance of incarcerated witnesses if the moving party has shown the witnesses have relevant information and the Court determines the witnesses' presence will substantially further the resolution of the issue. *Wiggins v. County of Alameda*, 717 F.2d 466, 468 n.1 (9th Cir. 1983).

further resolution of the case, (2) the security risks presented by the inmate's presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted. *Wiggins v. County of Alameda*, 717 F.2d 466, 468 n.1 (9th Cir. 1983); *see also Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (district court did not abuse its discretion when it concluded the inconvenience and expense of transporting inmate witness outweighed any benefit he could provide where the importance of the witness's testimony could not be determined), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). Plaintiff may only call witnesses who are able to provide relevant testimony on the factual disputes identified in the F&R on MSJ. Fed. R. Evid. 401, 402, 602, 701, 702.

Plaintiff must show that the anticipated testimony of each inmate he wishes to call as a witness will substantially further resolution of the issue. As stated in the scheduling order for the Evidentiary Hearing, this requires a showing the inmate is willing to testify and has actual knowledge of relevant facts. (Doc. 170, pp. 2-3.) This can be shown via declaration, either by Plaintiff or the prospective witness, that the prospective witness is willing to testify, which is "specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or hear what occurred at the time it occurred." (*Id.*, at p. 3.)

### 1. Summary of CDCR's Generally Available Inmate Appeals Process

As stated in the F&R on MSJ, the California Department of Corrections and Rehabilitation ("CDCR") has a generally available administrative grievance system for prisoners to appeal any departmental decision, action, condition, or policy having an adverse effect on prisoners' welfare, Cal. Code Regs., tit. 15, § 3084.1, and compliance with section 1997e(a) requires California state prisoners to use that process to exhaust their claims, *Woodford v. Ngo*, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006); *Sapp v. Kimbrell*, 623 F.3d 813, 818 (9th Cir. 2010). Title 15 regulations which govern CDCR's inmate appeals process were amended in 2011, but Plaintiff's claims arise from events which occurred in 2008 and 2009. Thus, the citations to Title 15 set forth below are the pre-amendment regulations in effect on the relevant dates.

In 2009, the appeals process was initiated by submitting a CDC Form 602 describing "the problem and action requested." Cal. Code Regs., tit. 15, § 3084.2(a) (West 2009). This form was to be submitted "within 15 working days of the event or decision being appealed, or of receiving an unacceptable lower level appeal decision." Tit. 15, § 3084.6(c). Up to four levels of appeal could be involved -- an informal level, a first formal level, a second formal level, and a third formal level also known as the Director's Level. Tit. 15, § 3084.5.

However, inmates are not necessarily required to pursue their appeals through the third and final level of appeal for courts to find exhaustion occurred. *Harvey v. Jordan*, 605 F.3d 681, 685 (9th Cir. 2010); *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005). Administrative remedies are "effectively unavailable" so as to excuse the PLRA's exhaustion requirement when prison officials improperly screen and/or handle a "prisoner's grievance or grievances that would have sufficed to exhaust the claim that the prisoner seeks to pursue in federal court." *Sapp v. Kimbrell*, 623 F.3d 813, 828 (9th Cir. 2010).

In the F&R on MSJ, Plaintiff's proffered grievances were reviewed and found substantively sufficient to have exhausted his claims for the incidents of June 22, 2009, June 24, 2009, and September 30, 2009. The issues to be resolved at the Evidentiary Hearing, therefore, hinge on whether Plaintiff timely submitted these appeals and whether prison staff handled them in a manner that rendered the administrative appeals process unavailable.

### 2. Factual Disputes Regarding Plaintiff's Use of Inmate Appeals Process
#### a. The June 22, 2009, and June 24, 2009 Incidents

In his opposition to Defendants' MSJ, Plaintiff submitted a declaration attesting that he submitted inmate appeals regarding the retaliation events of June 22, 2009, and June 24, 2009, via the housing unit's locked appeals box ("appeals box"), but did not receive a response. (Doc. 68, Opp., Lopez Dec., ¶8.) Plaintiff also attested that, contrary to policy, the housing unit sergeants have keys to the appeals box and he has experienced numerous instances where housing unit sergeants mishandled or lost inmate appeals. (Doc. 68, Opp., Lopez Dec., ¶9; Doc. 87, 3rd Supp. Opp., Ex. 1.) Plaintiff also attested that CSP-Cor had a written policy forbidding inmates from copying appeals, and as a result, he lacks copies of his submitted appeals with the exception of a

1 few appeals he managed to get copied by slipping them in with other paperwork. (Doc. 68, Opp.,
2 ¶11; Doc. 118, Opp., Ex. F, p. 99.)

3     This evidence, coupled with the content of Plaintiff's proffered appeals, was found
4 sufficient to raise a factual dispute regarding missing appeals relating to the events of June 22,
5 2009, and June 24, 2009. (Doc. 137, F&R on MSJ, pp. 16-17, citing *Williams*, 775 F.3d at 1191-
6 92.)

### b. The September 30, 2009 Incident

8     In his opposition to the MSJ, Plaintiff referred to allegations from the verified First
9 Amended Complaint, which constitute evidence. *McElyea v. Babbitt*, 833 F.2d 196, 197-98 (9th
10 Cir. 1987) (per curium); *Lew v. Kona Hospital*, 754 F.2d 1420, 1423 (9th Cir. 1985); F.R.C.P.
11 56(e). Plaintiff alleged that on October 6, 2009, he submitted an appeal concerning the events of
12 September 30, 2009, which was never returned to him. (Doc. 21, ¶64.) Then, in November of
13 2009, he submitted another appeal with a copy of the October 6, 2009 appeal and requested a
14 response, but that appeal was also not returned. (*Id.*)

15     In his first supplemental opposition to the MSJ, Plaintiff provided a copy of the October 6,
16 2009 appeal and attested it is a copy of the one described in paragraph 64 of the First Amended
17 Complaint. (Doc. 66, 1st Supp. Opp., Ex. A, Lopez Dec., ¶2, & Ex. B.) Plaintiff attested that he
18 submitted the appeal for processing by placing it in the appeals box located in Facility 4B,
19 Building 3 Right, and that he located the copy he had provided when he went through his stored
20 legal property. (Lopez Dec., ¶2.) Plaintiff also attested that an assigned Search and Escort officer
21 is supposed to collect the appeals from the appeals box and deliver them to the captain, but
22 building sergeants are allowed to retrieve the appeals which they variously fail to document or
23 forward for processing. (*Id.*, ¶3.) Finally, Plaintiff produced evidence of CSP-Cor's policy
24 forbidding the photocopying of appeals, which supported his testimony on that issue. (Doc. 118,
25 Opp., Ex. F.)

26     This evidence, coupled with the content of Plaintiff's October 9, 2009 appeal, was found
27 sufficient to raise a factual dispute regarding missing appeals relating to the events of September
28 30, 2009. (Doc. 137, F&R on MSJ, pp. 17-19, citing *Williams*, 775 F.3d at 1191-92.)

### 3. Plaintiff's Incarcerated Witnesses

#### a. Jose Avina, IM #J-86625

Plaintiff submits his own declaration to support his request to call IM Avina as a witness on the above issues at the Evidentiary Hearing. (Doc. 172.) Plaintiff attests that IM Avina resided in the cell next to Plaintiff's at all times relevant to the issues to be addressed at the Evidentiary Hearing. (*Id.*, p. 3, ¶ 2.) Plaintiff indicates that IM Avina "witnessed many of the acts relevant to [Plaintiff's] § 1938 complaint as well as matters related to administrative exhaustion -- including [Plaintiff's] practices and attempts." (*Id.*) IM Avina "knows [Plaintiff's] normal practice was to either personally place [Plaintiff's] appeals in the locked 'FORMAL' appeals box or to have [IM Avina] do so for [Plaintiff]." (*Id.*) Plaintiff attests that IM Avina is "aware [Plaintiff] did so with respect to the three issues to be decided at the Evidentiary Hearing" and that following Plaintiff's move to another housing unit, IM Avina "submitted his own appeal" which put the state "on notice of the retaliatory cell move." (*Id.*) Defendants object that IM Avina's proposed testimony lacks foundation, is hearsay, and is irrelevant. (Doc. 173, Opp. to IM wits, 2:24-4:15.)

Defendants correctly assert that Plaintiff's vague statement that IM Avina would testify that Plaintiff's normal practice is to either personally place his appeals in the appeals box or to have IM Avina do it for him, is too conclusory for purposes of the Evidentiary Hearing. (*Id.*) In the order scheduling the Evidentiary Hearing, Plaintiff was informed that to meet his burden to warrant transporting other inmates to testify, he must show specific details about the events surrounding his use of the appeals system for each incident including, "when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or hear what occurred at the time it occurred." (Doc. 170, pp. 2-3.) Plaintiff's general assertion that IM Avina "knows [Plaintiff's] normal practice was to either personally place [Plaintiff's] appeals in the locked 'FORMAL' appeals box or to have [IM Avina] do so for [Plaintiff]" is not specific enough to warrant transporting IM Avina to testify at the Evidentiary Hearing. While, under different circumstances, such testimony may be relevant to prove Plaintiff's habit, or practice under Rule 406 of the Federal Rules of Evidence, it is simply not specific enough to the issues

being heard at the Evidentiary Hearing to warrant transporting IM Avina to testify.[3]

To the extent Plaintiff intended his declaration to suggest that IM Avina placed Plaintiff's appeals on the events in question in the appeals box for Plaintiff, it will be disregarded because it is contradicted by Plaintiff's previously submitted declaration that he personally placed each of his appeals in question in the appeals box. (*See* Doc. 66, Pl's Decl. at p. 4; Doc. 68, Pl.'s Decl. at p. 19.) Plaintiff's statement that IM Avina witnessed many of the acts relevant to his claims in this action is also irrelevant because the purpose of the Evidentiary Hearing is solely to resolve the issues surrounding Plaintiff's efforts to exhaust available administrative remedies.[4] Plaintiff's attestation that after Plaintiff was moved to another housing unit, IM Avina filed his own appeal is also insufficient -- it is Plaintiff's use of the appeals process, not that of another inmate, which is relevant under the PLRA. Finally, IM Avina could not have witnessed anything about Plaintiff placing an appeal in the appeals box on October 9, 2009, since, by his own allegations, Plaintiff was moved to a different housing unit on September 30, 2009. (Doc. 21, FAC, ¶¶ 49, 63.)

Thus, Plaintiff fails to show that IM Avina's presence will substantially further resolution of the issues surrounding Plaintiff's use of the inmate appeals process on his claims against Defendants Garcia and Beers to justify transporting IM Avina to testify at the Evidentiary Hearing. *Wiggins*, 717 F.2d at 468 n.1; *Walker*, 14 F.3d at 1422.

### b. Kenneth Oliver, IM #K-54606

Plaintiff submits a declaration from IM Oliver attempting to show that IM Oliver has relevant testimony on the issues in question to support the issuance of an order requiring his attendance at the Evidentiary Hearing. (Doc. 172, P's mot., pp. 5-8.)

//

---

[3] IM Avina's transport to testify may have been warranted if Plaintiff presented either his, or IM Avina's statements that, within the two weeks or so after any of the dates in questions, IM Avina watched as Plaintiff placed an appeal on the events at issue in the appeals box, or witnessed specific events which would support such an inference (i.e. Plaintiff heading towards the appeal box with an appeal in his hand on the events in this case which IM Avina read, or Plaintiff told him about, that Plaintiff told him he was going to put the appeal in the appeals box, then headed in the direction of the appeals box, and returned within minutes no longer carrying the appeal).

[4] Nothing in this order is intended, or should be construed to restrict Plaintiff from attempting to call IM Avina to testify on the factual basis/events on his claims if this action proceeds to trial.

Defendants correctly note that the first two paragraphs of IM Oliver's declaration are foundational facts which address IM Oliver's housing at CSP-Cor.  (Doc. 173, Ds Opp., p. 4.)  Paragraph 3 of IM Oliver's declaration is also irrelevant because it describes his experience submitting appeals via the outgoing mail, while Plaintiff asserts that he submitted the appeals in question at the Evidentiary Hearing via the appeals box.  (*Id.*, citing Doc. 68, Pl's Decl, at p. 19; Doc. 66, Pl's Decl. at p. 4.)  Defendants also correctly note that IM Oliver is not qualified to testify on the institutional policy and/or which prison personnel "are supposed to" open the appeal boxes and process appeals as stated in paragraph 8 of his declaration.  (*Id.*, at p. 6.)

Defendants do not dispute the physical layout of Yard 4 at CSP-Cor, as stated in paragraphs 4-7 of IM Oliver's declaration.  (*Id.*)  Defendants also do not dispute that, as stated in paragraph 9 of IM Oliver's declaration, an inmate can submit an appeal by placing it in the appeals box, or by giving it to the officer collecting outgoing mail.  (*Id.*, at p. 5.)  However, Defendants object that IM Oliver's opinion regarding which method inmates prefer to use and why, is irrelevant, hearsay, and lacks foundation.  (*Id.*)  These objections are SUSTAINED.

Defendants offer to stipulate that, in 2009, the housing unit sergeants unlocked the appeals boxes and removed the appeals for processing, which IM Oliver states in paragraph 10 of his declaration.  (*Id.*)  Defendants correctly note that IM Oliver's statements in paragraphs 11-13, that he never received responses to some of the appeals he placed in the appeals box and that other inmates have told him they have placed appeals in the appeals box that went unanswered, fail to address the specific details as required by the order scheduling the Evidentiary Hearing.  (*Id.*, at p. 6.) IM Oliver fails to identify a time frame during which he or other inmates placed appeals in the appeals box that went unanswered for such statements to have any relevance to the events in question at the Evidentiary Hearing.

Finally, IM Oliver's declaration, while addressing his own experience using the appeals process, fails to attest to any specific details of Plaintiff's use, or attempted use thereof.  IM Oliver's declaration fails to show that he has knowledge of information that is specific and relevant to Plaintiff's use, or attempted use, of the inmate appeals process at CSP-Cor pertaining to Plaintiff's appeals on his claims against Defendants Garcia and Beer.

Plaintiff has failed to show that IM Oliver's presence will substantially further resolution of the issues surrounding Plaintiff's use of the inmate appeals process on his claims against Defendants Garcia and Beers to justify transporting IM Oliver to testify at the Evidentiary Hearing.  *Wiggins*, 717 F.2d at 468 n.1; *Walker*, 14 F.3d at 1422.

**ORDER**

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion, for attendance of incarcerated witnesses at the August 23, 2016 Evidentiary Hearing, filed on October 23, 2015 (Doc. 294), is **GRANTED** as to Plaintiff, but is **DENIED** as to IM Avina and IM Oliver.

IT IS SO ORDERED.

Dated:   **July 20, 2016**                              /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE