# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. LOPEZ,<br><br>    Plaintiff,<br><br>v.<br><br>MATTHEW CATE, et al.,<br><br>    Defendants. | Case No. 1:10-cv-1773-DAD-SKO (PC)<br><br>**ORDER ON PLAINTIFF'S MOTION TO RESCHEDULE EVIDENTIARY HEARING and ON STIPULATION FOR PLAINTIFF TO APPEAR AT EVIDENTIARY HEARING VIA VIDEO CONFERENCE**<br><br>(Docs. 177, 182-2)<br><br>**ORDER VACATING ORDER AND WRIT OF HABEAS CORPUS AD TESTIFICANDUM**<br><br>(Doc. 175) |

## INTRODUCTION

Plaintiff, Andrew R. Lopez, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 10, 2010. This action is currently proceeding on Plaintiff's amended complaint, filed on March 23, 2012, against Defendants Garcia, Zamora, Espinosa, Jackson, Drew, Olmedo, Munoz, Fields, White, Rousseau, Martinez, Beer, Gray, Beard, and Gipson ("Defendants") for violating Plaintiff's federal constitutional rights. Plaintiff's claims arise out of his conditions of confinement at California State Prison, Corcoran, in Corcoran, California in 2008 and 2009.

Defendants' motion for summary judgment for failure to exhaust was resolved with the exception of Plaintiff's First Amendment retaliation claims against Defendants Garcia and Beer arising out of incidents alleged to have occurred on July 22, 2009, July 24, 2009, and September

1

30, 2009.  42 U.S.C. § 1997e(a); Fed. R. Civ. P. 56(a).  With respect to those claims, the Court determined that there are disputed factual issues requiring an evidentiary hearing.  *Williams v. Paramo*, 775 F.3d 1182, 1191-92 (9th Cir. 2015); *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014) (en banc).

The evidentiary hearing was originally scheduled to take place on October 22, 2015.  (Doc. 143.)  It has been rescheduled twice and is currently scheduled to take place on August 23, 2016.  (Docs. 145, 147, 170, 171.)

On August 1, 2016, Plaintiff filed a motion to reschedule the evidentiary hearing.  (Doc. 177.)  Defendants' response included a signed stipulation for Plaintiff to appear at the evidentiary hearing via video conference and for revocation of the transportation writ for Plaintiff's personal appearance.  (Doc. 182-2.)

## ANALYSIS

### A.  Plaintiff May Appear Via Video Conference

Defendants request that "the Court issue a warning to Plaintiff on the possible effects his video conference appearance may have on the Court's ability to determine issues of credibility . . . ."  (Doc. 182, p. 2.)

Federal Rule of Civil Procedure 43(a) provides that a court may "permit testimony in open court by contemporaneous transmission from a different location" for good cause in compelling circumstances and with appropriate safeguards.

Appropriate safeguards exist where the opposing party's ability to conduct cross-examination is not impaired, the witness testifies under oath in open court, and the witness's credibility can be assessed adequately.  *See Beltran-Tirado v. Immigration and Naturalization Service*, 213 F.3d 1179, 1186 (9th Cir. 2000); *Alderman v. SEC*, 104 F.3d 285, 288 n. 4 (9th Cir.1997); *Scott Timber, Inc. v. United States*, 93 Fed. Cl. 498, 500 (Fed. Clms. 2010).  It is appropriate to consider the possible effect of a witness's physical absence from the courtroom on his or her truthfulness.  *See Humbert v. O'Malley*, 303 F.R.D. 461, 465 (Dist. MD, 2014); *Federal Trade Commission v. Swedish Match North America, Inc.*, 197 F.R.D. 1, 2 (D.C. 2000); *Scott Timber,* 93 Fed. Cl. at 501.

The purpose of hearing live testimony is to "enable[ ] the finder of fact to see the witness's physical reactions to questions, to assess the witness's demeanor, and to hear the tone of the witness's voice." *United States v. Mejia*, 69 F.3d 309, 315 (9th Cir.1995). Where the veracity of witnesses is at issue, the court must make a credibility determination by listening to the witnesses, testing their story, and gauging their demeanor. *Earp v. Oronski*, 431 F.3d 1158, 1169-1170 (9th Cir.2005). Finally, "[i]n evaluating credibility, the court should consider factors such as the opportunity and ability of the witness to see or hear or know the things testified to; the witness' memory; the witness' manner while testifying; the witness' interest in the outcome of the case and any bias or prejudice; whether other evidence contradicted the witness' testimony; the reasonableness of the witness' testimony in light of all the evidence; and any other factors that bear on believability." *Henry v. Marshall*, No. CIVS940916JKSEFBP, 2010 WL 2179896, at *5 (E.D. Cal. May 27, 2010). Because a witness testifying by video is observed directly with little, if any, delay in transmission, video testimony can sufficiently enable cross-examination and credibility determinations, as well as preserve the overall integrity of the proceedings. *See Parkhurst v. Belt,* 569 F.3d 995, 1003 (8th Cir.2009); *Scott Timber*, 93 Fed. Cl. at 501; *see also Swedish Match*, 197 F.R.D. at 2 (finding that there was "no practical difference between live testimony and contemporaneous video transmission" in proceedings in that case).

As long as Plaintiff has a duplicate set of the exhibits to be used during the hearing so that all those involved have access to and are able to contemporaneously view a document being discussed, the Court finds it appropriate to allow Plaintiff to appear at the evidentiary hearing via video conference.

**ORDER**

Accordingly, it is HEREBY ORDERED that:

(1) Plaintiff's motion to reschedule/vacate the evidentiary hearing, filed on August 1, 2016, is DENIED;

(2) The parties' stipulation for Plaintiff to appear at the evidentiary hearing via video conference is APPROVED;

(3) The Order and Writ of Habeas Corpus ad Testificandum for Plaintiff to appear in

3

1  person at the evidentiary hearing, issued on July 20, 2016, is VACATED;

2  (4) On or before Monday, August 15, 2016; Defendants' SHALL provide Plaintiff with a duplicate copy of the binder[1] of exhibits to be used during the evidentiary hearing;[2]

4  (5) The assistance of the Litigation Coordinator at Pelican Bay State Prison is requested to reserve and facilitate the use of the video conferencing equipment at that facility for the evidentiary hearing in this case on August 23, 2016, from 9:30 a.m. until the hearing concludes; and

8  (6) The Clerk of the Court is directed to forward a copy of this order to the Litigation Coordinator at Pelican Bay State Prison.

IT IS SO ORDERED.

Dated:   **August 9, 2016**                          /s/ *Sheila K. Oberto*
                                                 UNITED STATES MAGISTRATE JUDGE

---

[1] Defense counsel shall confer with the Litigation Coordinator at the facility where Plaintiff is currently located to ensure that the copy of exhibits Plaintiff receives complies with all necessary safety and/or security requirements.

[2] This shall consist of a complete set of all exhibits to be used at the evidentiary hearing -- whether jointly or separately offered/used. This set must comply with the Scheduling Order for Evidentiary Hearing. (*See* Doc. 170.)