1
2
3
4
5

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. LOPEZ, | **Case No. 1:10-cv-1773-DAD-SKO (PC)** |
| Plaintiff, | **ORDER ON WITNESSES AND EXHIBITS AT THE EVIDENTIARY HEARING and DISCHARGING AUGUST 8, 2016 ORDER FOR DEFENDANTS TO SHOW CAUSE** |
| v. | |
| MATTHEW CATE, et al., | **(Doc. 181)** |
| Defendants. | |

Plaintiff, Andrew R. Lopez, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 10, 2010.  This action is currently proceeding on Plaintiff's amended complaint, filed on March 23, 2012, against Defendants Garcia, Zamora, Espinosa, Jackson, Drew, Olmedo, Munoz, Fields, White, Rousseau, Martinez, Beer, Gray, Beard, and Gipson ("Defendants") for violating Plaintiff's federal constitutional rights.  Plaintiff's claims arise out of his conditions of confinement at California State Prison, Corcoran ("CSP-Cor") in Corcoran, California in 2008 and 2009.

## SCHEDULING OF THE EVIDENTIARY HEARING

The current status of this case has been over two years in the making.  On May 21, 2014, Defendants filed a motion for summary judgment asserting that Plaintiff failed to exhaust available administrative remedies prior to filing this action.  (Doc. 105.)  Plaintiff filed his opposition after receiving an extension of time.  (Doc. 118.)  Defendants likewise received an extension of time and thereafter filed their reply.  (Doc. 132.)

//

1

1    On March 23, 2015, the undersigned issued a Findings and Recommendation which

2  recommended Defendants' motion for summary judgment be resolved on the majority of

3  Plaintiff's claims, but found that a triable issue of fact existed to necessitate an evidentiary

4  hearing on Plaintiff's retaliation claims against Defendants Garcia and Beer arising out of

5  incidents alleged to have occurred on July 22, 2009, July 24, 2009, and September 30, 2009.

6  (Doc. 137.)  The District Judge adopted the Findings and Recommendations on May 19, 2015.

7  (Doc. 141.)  On July 24, 2015, an order issued setting a limited evidentiary hearing ("the

8  Evidentiary Hearing") on Plaintiff's exhaustion of available administrative remedies as to his

9  retaliation claims against Defendants Garcia and Beer, which was to set take place on October 22,

10  2015.  (Doc. 143.)

11    The Evidentiary Hearing was rescheduled to March 3, 2016, at Defendants' request

12  because Defendant Beer was scheduled to be on vacation on October 22, 2015.  (Docs. 145, 147.)

13  The March 3, 2016 Evidentiary Hearing date was vacated at the parties' request as Plaintiff had

14  been unable to meet and confer with Defendants' counsel regarding witnesses and evidence due

15  to Plaintiff's recent trial in another matter and his subsequent move to Pelican Bay State Prison.

16  (Docs. 159, 160, 164.)

17    A telephonic conference was set for March 2, 2016, to discuss a new date for the

18  Evidentiary Hearing.  (Doc. 164.)  In the telephonic conference, Plaintiff indicated that he was

19  having difficulty obtaining access to his legal property which he needed for the Evidentiary

20  Hearing.  Defendants' counsel offered to contact the Litigations Coordinator at various prison

21  facilities where Plaintiff believed his legal property might be and a further telephonic conference

22  was set for March 9, 2016.  (Doc. 166.)

23    During the March 9, 2016 telephonic conference, it was confirmed that the impediments

24  to Plaintiff's access to his legal property had been resolved, and the parties agreed to the

25  Evidentiary Hearing being rescheduled for August 24, 2016.[1]  (Doc. 169.)

26    On August 1, 2016, Plaintiff filed a motion to reschedule the Evidentiary Hearing

27  indicating he believed it would interfere with his Parole Suitability Hearing, which is currently

28  _____
[1] The Evidentiary Hearing was rescheduled to August 23, 2016 due to a court calendaring conflict.  (Doc. 171.)

1  scheduled for October 25, 2016.  (Doc. 177.)  On August 8, 2016, Defendants filed a response to

2  Plaintiff's motion and provided evidence to demonstrate that holding the Evidentiary Hearing on

3  August 23, 2016, would not interfere with Plaintiff's Parole Suitability Hearing.  (Doc. 182.)  In

4  that same filing, Defendants submitted a stipulation for Plaintiff to attend the Evidentiary Hearing

5  via video conference.  (*Id.*)  An order issued on August 9, 2016, denying Plaintiff's motion to

6  vacate the Evidentiary Hearing, approving the parties' stipulation for Plaintiff's appearance via

7  video conference, and requiring Defendants to provide Plaintiff with a duplicate copy of exhibits

8  to be used during the Evidentiary Hearing.  (Doc. 183.)   The Evidentiary Hearing will, therefore,

9  proceed on August 23, 2016, and Plaintiff will appear via video conference.

10                                  **WITNESS AND EXHIBITS**

11        On March 16, 2016, a scheduling order for the Evidentiary Hearing ("the Scheduling

12  Order") issued setting forth the parties' agreed-upon dates for the filing of motions and

13  oppositions for incarcerated witnesses; requiring the parties to meet and confer to agree upon and

14  identify witnesses and exhibits on or before July 22, 2016; and requiring defense counsel to

15  submit joint copies of the exhibits and lists by no later than August 8, 2016.  (Doc. 170.)

16        Plaintiff filed a timely motion requesting his and other incarcerated witnesses' attendance

17  at the Evidentiary Hearing which was summarily granted as to Plaintiff, but denied as to all other

18  incarcerated witnesses.  (Docs. 172, 176.)

19        On August 5, 2016, Defendants filed their witness list, exhibit list, and four sets of their

20  exhibits for use in the Evidentiary Hearing.  (Docs. 179, 180.)  An order issued on August 8, 2016

21  for Defendants to show cause why sanctions should not be imposed for their failure to comply

22  with the Scheduling Order requiring the submission of joint lists of witnesses and exhibits and a

23  joint set of exhibits.  (Doc. 181.)

24        On August 10, 2016, Defendants filed their response to the order to show cause stating

25  that when they met and conferred with Plaintiff about witnesses and exhibits, Plaintiff told

26  defense counsel he was not prepared to discuss witnesses or exhibits for the Evidentiary Hearing

27  and indicated he intended to file a motion to reschedule the Evidentiary Hearing.  (Doc. 186.)  As

28  a result, Defendants only had the required information to file their own lists of witnesses and

3

1    exhibits.  (*Id.*)  This satisfies the order that issued on August 8, 2016, which required Defendants

2    to show why they should not be sanctioned for failing to comply with the Scheduling Order.

3    (Doc. 181.)  However, it also demonstrates that Plaintiff failed to comply with the Scheduling

4    Order by not being prepared to discuss witnesses and exhibits with defense counsel to allow for

5    the filing of joint lists of witness and exhibits.

6         To date, Plaintiff has filed neither a list of witnesses, nor exhibits that he intends to rely on

7    at the Evidentiary Hearing.  Rule 37 of the Federal Rules of Civil Procedure, authorizes district

8    courts to impose a wide range of sanctions when a party fails to comply with the rules of Federal

9    Civil Procedure or with court orders.  *Wyle v. R.J. Reynolds Indus., Inc.,* 709 F.2d 585, 589 (9th

10   Cir. 1983).  The Local Rule which correspond with Rule 11 of the Federal Rules of Civil

11   Procedure provides, "[f]ailure of counsel, or of a party to comply with . . . any order of the Court

12   may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent

13   power of the Court."  Local Rule 110.  "District courts have inherent power to control their

14   dockets," and in exercising that power, a court may impose sanctions even up to dismissal of an

15   action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

16        Here, despite having had numerous months to prepare for the Evidentiary Hearing,

17   Plaintiff was unprepared to meet and confer with defense counsel on witnesses and exhibits as

18   required by the Scheduling Order.  Plaintiff apparently instead chose to file a motion to vacate the

19   Evidentiary Hearing for rescheduling at a later date.  Plaintiff's motion to vacate the Evidentiary

20   Hearing was completely unfounded – raising questions regarding his candor with the Court and

21   his underlying motivation.

22        Given that Plaintiff is appearing *pro se*, rather than imposing terminating sanctions or a

23   summary ruling in favor of Defendants Garcia and Beers on their motion for summary judgment,

24   Plaintiff will be precluded from presenting any witnesses or exhibits which were not identified in

25   compliance with the Scheduling Order or relied upon in opposition to Defendants' motion for

26   summary judgment.  Thus, Plaintiff may use the exhibits which Defendants properly identified

27   (*see* Doc. 180) for the Evidentiary Hearing.  Plaintiff may also use the exhibits which were found

28   to raise a factual dispute regarding his efforts to exhaust available administrative remedies on his

1  retaliation claims against Defendants Garcia and Beer relating to the events of June 22, 2009,

2  June 24, 2009, and September 30, 2009.  (*See* Doc. 137, 16:3-19:18.)  The documents from

3  Plaintiff's opposition to Defendants' motion for summary judgment which Plaintiff may present

4  as exhibits are as follows:[2]

5         (1)     Exhibit B to Plaintiff's 1st Supplemental Opposition to MTD -- Doc. 66, pp. 5-8.

6         (2)     Exhibit 1 to Plaintiff's Third Supplemental Opposition to MTD -- Doc. 87,

7                 pp. 13-15; and

8         (3)     Exhibit F to Plaintiff's Opposition to MSJ -- Doc. 118, pp. 97-101.

9         Plaintiff may also testify on his own behalf at the Evidentiary Hearing.  However, since

10  his motion for attendance of other incarcerated witnesses was denied, and he failed to file a

11  witness list in compliance with the Scheduling Order, he may not call any witnesses other than

12  those witness identified in the Defendants' witness list who appear at the hearing (*see* Doc. 179).

13        Accordingly, it is HEREBY ORDERED that:

14        1.  The order which issued on August 8, 2016, for Defendants to show cause why they

15            should not be sanctioned for failing to comply with the Scheduling Order is

16            **DISCHARGED**;

17        2.  Plaintiff may not present exhibits at the Evidentiary Hearing other than those

18            submitted by Defendants (*see* Doc. 180) and his exhibits as delineated above, which

19            were found to raise a factual dispute in Defendants' motion for summary judgment

20            regarding Plaintiff's efforts to exhaust available administrative remedies on his

21            retaliation claims against Defendants Garcia and Beer relating to the events of June

22            22, 2009, June 24, 2009, and September 30, 2009;

23        3.  On or before **Wednesday, August 17, 2016**, Defendants SHALL provide Plaintiff

24            with a full copy of the exhibits[3] they submitted to the Court in binders for use during

25            the Evidentiary Hearing;

26  _____

[2] Documents from Plaintiff's opposition to Defendants' previously filed motion to dismiss (*see* Doc. 59) were relied on as well as those he presented in opposition to Defendants' motion for summary judgment.

27  [3] Defendants are relieved of their duty under the order, dated August 9, 2016 (Doc. 183), which required them to produce a duplicate copy of all exhibits to be used during the evidentiary hearing to the extent that it conflicts with

28  this order.

4.  The Clerk's Office is directed to send Plaintiff a copy of the following documents to Plaintiff with the service of this order;

    a.  Exhibit 1 to Plaintiff's Third Supplemental Opposition to MSJ -- Doc. 87, pp. 13-15;

    b.  Exhibit F to Plaintiff's Opposition to MSJ -- Doc. 118, pp. 97-101; and

    c.  Exhibit B to Plaintiff's 1st Supplemental Opposition to MSJ -- Doc. 66, pp. 5-8;

5.  Plaintiff may not call witnesses at the Evidentiary Hearing other than himself and those individuals listed by Defendants who appear at the Evidentiary Hearing (*see* Doc. 179); and

6.  The Clerk's Office is directed to forward a copy of this order to the Litigation Coordinator at Pelican Bay State Prison, whose assistance is requested to ensure that Plaintiff receives all documents related to this case as soon as possible once they arrive at the facility.

IT IS SO ORDERED.

Dated:   **August 12, 2016**                          /s/ *Sheila K. Oberto*
                                                         UNITED STATES MAGISTRATE JUDGE