1

2

3

4

5                    **UNITED STATES DISTRICT COURT**

6                     **EASTERN DISTRICT OF CALIFORNIA**

7

8    ANDREW R. LOPEZ,                    |  **Case No.  1:10-cv-1773-DAD-SKO (PC)**

9              Plaintiff,                |  **ORDER STRIKING AS UNTIMELY THE**
                                         |  **PARTIES' EXHIBITS  FOR FAILING TO**
10         v.                            |  **COMPLY WITH THE SCHEDULING ORDER**
                                         |  **FOR EVIDENTIARY HEARING  (Doc. 170)**
11   MATTHEW CATE, et al.,               |
                                         |  **(Docs. 188, 190, 191)**
12             Defendants.               |

13

14                    <u>**INTRODUCTION**</u>

15         Plaintiff, Andrew R. Lopez, a state prisoner proceeding *pro se* and *in forma pauperis*,

16   filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 10, 2010.  This action is

17   currently proceeding on Plaintiff's amended complaint, filed on March 23, 2012, against

18   Defendants Garcia, Zamora, Espinosa, Jackson, Drew, Olmedo, Munoz, Fields, White, Rousseau,

19   Martinez, Beer, Gray, Beard, and Gipson ("Defendants") for violating Plaintiff's federal

20   constitutional rights.  Plaintiff's claims arise out of his conditions of confinement at California

21   State Prison, Corcoran in Corcoran, California in 2008 and 2009.

22         On May 21, 2014, Defendants filed a motion for summary judgment asserting that

23   Plaintiff failed to exhaust available administrative remedies prior to filing this action.  (Doc. 105.)

24   Plaintiff and Defendant filed their opposition and reply briefs, respectively, after receiving

25   extensions of time.  (Doc. 118, 132.)

26         On March 23, 2015, the Court issued a Findings and Recommendation which

27   recommended Defendants' motion for summary judgment be resolved on the majority of

28   Plaintiff's claims.   The Court found that a triable issue of fact existed requiring an evidentiary

1   hearing on Plaintiff's retaliation claims against Defendants Garcia and Beer arising out of

2   incidents alleged to have occurred on July 22, 2009, July 24, 2009, and September 30, 2009.

3   (Doc. 137.)  The District Judge adopted the Findings and Recommendations on May 19, 2015.

4   (Doc. 141.)  On July 24, 2015, an order issued setting a limited evidentiary hearing ("the

5   "Evidentiary Hearing") on Plaintiff's exhaustion of available administrative remedies as to his

6   retaliation claims against Defendants Garcia and Beer, which was to set take place on October 22,

7   2015.  (Doc. 143.)

8        The Evidentiary Hearing was rescheduled to March 3, 2016, at Defendants' request

9   because Defendant Beer was scheduled to be on vacation on October 22, 2015.  (Docs. 145, 147.)

10  The March 3, 2016 Evidentiary Hearing date was vacated at the parties' request as Plaintiff had

11  been unable to meet and confer with Defendants' counsel regarding witnesses and evidence due

12  to Plaintiff's recent trial in another matter and his move to Pelican Bay State Prison.  (Docs. 159,

13  160, 164.)

14       A telephonic conference was set for March 2, 2016, to discuss a new date for the

15  Evidentiary Hearing.  (Doc. 164.)  In the telephonic conference, Plaintiff indicated that he was

16  having difficulty obtaining access to his legal property which he needed for the Evidentiary

17  Hearing.  Defendants' counsel offered to contact the Litigations Coordinator at various prison

18  facilities where Plaintiff believed his legal property might be located, and a further telephonic

19  conference was set for March 9, 2016.  (Doc. 166.)  During the March 9, 2016 telephonic

20  conference, it was confirmed that the impediments to Plaintiff's access to his legal property had

21  been resolved.  (Doc. 169.)

22                        **FACTUAL AND PROCEDURAL BACKGROUND**

23  **A.     The Evidentiary Hearing Scheduling Order**

24       At the March 9, 2016 conference, the parties agreed to reschedule the Evidentiary Hearing

25  to August 24, 2016[1] with various pre-hearing deadlines.  (Doc. 169.)  On March 16, 2016, a

26  scheduling order for the Evidentiary Hearing (the "Scheduling Order") issued which set forth the

27  parties' agreed-upon dates for the filing of motions and oppositions for incarcerated witnesses;

28  _____
[1] The Evidentiary Hearing was rescheduled to August 23, 2016 due to a court calendaring conflict. (Doc. 171.)

1  required the parties to meet and confer to agree upon and identify witnesses and exhibits on or

2  before July 22, 2016; and required defense counsel to submit joint copies of exhibits and lists of

3  witnesses to be used at the hearing by no later than August 8, 2016.  (Doc. 170.)  Plaintiff filed a

4  timely motion requesting his and other incarcerated witnesses' attendance at the Evidentiary

5  Hearing which was granted as to Plaintiff, but denied as to all other incarcerated witnesses.

6  (Docs. 172, 176.)

7  **B.      Plaintiff's Motion to Reschedule the Evidentiary Hearing**

8          On August 1, 2016, Plaintiff filed a motion to reschedule the Evidentiary Hearing

9  indicating he believed it would interfere with his "Parole Suitability Hearing," which is scheduled

10 to take place on October 25, 2016.  (Doc. 177.)  On August 8, 2016, Defendants filed a response

11 to Plaintiff's motion and provided evidence to demonstrate that holding the Evidentiary Hearing

12 on August 23, 2016, would not interfere with Plaintiff's Parole Suitability Hearing.  (Doc. 182.)

13 Defendants also submitted a joint stipulation for Plaintiff's attendance at the Evidentiary Hearing

14 via video conference.  (*Id.*)  On August 9, 2016, the Court denied Plaintiff's motion[2] to vacate the

15 Evidentiary Hearing, approved the parties' stipulation for Plaintiff's appearance via video

16 conference, and required Defendants to provide Plaintiff with a duplicate copy of exhibits to be

17 used during the Evidentiary Hearing.  (Doc. 183.)

18 **C.      The Parties' Exhibits and Witness Lists**

19         On August 5, 2016, Defendants filed their witness list, exhibit list, and four sets of their

20 exhibits for use in the Evidentiary Hearing.  (Docs. 179, 180.)  An order issued on August 8,

21 2016, for Defendants to show cause why sanctions should not be imposed for their failure to meet

22 and confer with Plaintiff as required by the Scheduling Order.  (Doc. 181.)  On August 10, 2016,

23 Defendants filed their response to the order to show cause stating that when they met and

24 conferred with Plaintiff about witnesses and exhibits, Plaintiff told defense counsel he was not

25 prepared to discuss witnesses or exhibits for the Evidentiary Hearing and indicated he intended to

26 file a motion to reschedule the Evidentiary Hearing.  (Doc. 186.)  As a result, Defendants only

27 

28 ---
[2] As noted in the order, Plaintiff's motion to vacate the evidentiary hearing was found to be completely baseless, raising questions of his candor to the Court and his underlying motivation.  (*See* Doc. 187, p. 4.)

1  possessed the required information to timely file their own lists of witnesses and exhibits.  (*Id.*)

2  This satisfied the August 8, 2016, order to show cause and demonstrated that Plaintiff failed to

3  comply with the Scheduling Order by not being prepared to discuss witnesses and exhibits with

4  defense counsel to allow for the joint filing of lists of witness and exhibits.  (Doc. 181.)

5      Accordingly, on August 12, 2016, an order issued that discharged the August 10, 2016

6  order to show cause; precluded Plaintiff from presenting any witnesses or exhibits which were not

7  identified in compliance with the Scheduling Order, or relied upon in opposition to Defendants'

8  motion for summary judgment; allowed Plaintiff to only use the specific documents submitted in

9  opposition to Defendants' motion for summary judgment that were found to create a triable issue

10  of fact (*see* Doc. 187, p. 5) which were forwarded to Plaintiff with that order; and precluded

11  Plaintiff from calling any witnesses other than himself and those identified in the Defendants'

12  witness list who appear at the Evidentiary hearing.  (Doc. 187.)

13  **D.      The Parties' Modification of the Scheduling Order**

14      On August 15, 2016, Defendants filed a list and binders of supplemental exhibits and

15  Plaintiff filed objections to Defendants' exhibits which had been filed on August 5, 2016.  (Docs.

16  188, 189.)  On August 17, 2016, Defendants filed a notice of lodging their supplemental exhibits

17  and Plaintiff filed 207 pages of exhibits.  (Docs. 190, 191.)  Neither side even attempted to

18  explain *why* they did not file these exhibits on or before August 8, 2016,[3] as was required by the

19  Scheduling Order.

20  <u>**DISCUSSION**</u>

21      As with any order under Rule 16 of the Federal Rules of Civil Procedure for the overall

22  scheduling of a legal action, the Scheduling Order in this case "may be modified only for good

23  cause and with the judge's consent."  F.R.Civ.P. 16(b)(4).  Such a scheduling order "controls the

24  course of the action unless the court modifies it."  F.R.Civ.P. 16(d).  Scheduling orders "are the

25  heart of case management," *Koplve v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986), and are

---

26  [3] Although Plaintiff signed his exhibit list on August 2, 2016, his proof of service indicates that he did not give it to
27  prison staff for mailing until August 13, 2016.  (Doc. 191, p. 2.)  Thus, even under the prison mailbox rule, Plaintiff's
list of exhibits was untimely.  *See Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009) quoting *Houston v. Lack* ,
28  487 U.S. 266, 270 (1988) ("notice is deemed filed on the date the prisoner 'delivered the notice to prison authorities
for forwarding to the [d]istrict [c]ourt'").

1   intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975

2   F.2d 604, 610 (9th Cir. 1992). A "scheduling conference order is not a frivolous piece of paper,

3   idly entered, which can be cavalierly disregarded without peril." *Id*. Parties must "diligently

4   attempt to adhere to that schedule throughout the subsequent course of the litigation." *Jackson v.*

5   *Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999); *see also Marcum v. Zimmer*, 163 F.R.D.

6   250, 254 (S.D. W.Va. 1995).

7        This Court's Local Rule 144(d) also provides:

8        Counsel shall seek to obtain a necessary extension from the Court or from other
9        counsel or parties in an action as soon as the need for an extension becomes
         apparent. Requests for Court-approved extensions brought on the required filing
10       date for the pleading or other documents are looked upon with disfavor.

11       The Scheduling Order required the parties to meet and confer, by telephone or other

12   means, to agree upon and identify their joint exhibits, if any. (Doc. 170, pp. 3-4.) Joint exhibits

13   were to be pre-marked with the prefix "JT" and numbered sequentially beginning with 1 (e.g. JT-

14   1, JT-2, etc.). (*Id.*) Plaintiff's exhibits were to be pre-marked with the prefix "PX" and numbered

15   sequentially beginning with 100 (e.g., PX-100, PX-101, etc.). (*Id.*) Defendants' exhibits were to

16   be pre-marked with the prefix "DX" and numbered sequentially beginning with 200 (e.g., DX-

17   200, DX-201, etc.). (*Id.*) Defendant's counsel was to submit 4 copies of the exhibits, with

18   exhibit lists, by no later than August 8, 2016. (*Id.*) *Nothing in the scheduling order allowed for*

19   *the filing of exhibits beyond the August 8, 2016 deadline*. (*Id.*)

20       Here, despite having had numerous months, *over a year*, to prepare for the Evidentiary

21   Hearing, both sides submitted exhibits for the Evidentiary Hearing which were filed *beyond* the

22   date set forth in the Scheduling Order. Neither side offered any explanation, or even attempted to

23   show good cause for an extension of the filing deadline to be considered -- let alone granted. Nor

24   is there any excuse for such lack of diligence.

25       Rule 37 of the Federal Rules of Civil Procedure, authorizes district courts to impose a

26   wide range of sanctions when a party fails to comply with the rules of Federal Civil Procedure or

27   with court orders. *Wyle v. R.J. Reynolds Indus., Inc.,* 709 F.2d 585, 589 (9th Cir. 1983). The

28   Local Rule which corresponds with Rule 11 of the Federal Rules of Civil Procedure provides,

"[f]ailure of counsel, or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110.  "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions even up to dismissal of an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

Here, the parties' exhibits filed on August 15 and 17, 2016, failed to comply with the Scheduling Order.  It is within the Court's inherent power to impose the sanction of striking the untimely exhibits from this action and prohibiting their use at the Evidentiary Hearing. *Thompson*, 782 F.2d at 831.

**<u>ORDER</u>**

Accordingly, it is HEREBY ORDERED that Defendants' supplemental exhibits, filed on August 15, 2016, (Doc. 188), and Plaintiff's exhibits, filed on August 17, 2016, (Doc. 191), will not be considered at the Evidentiary Hearing and are hereby STRICKEN.

IT IS SO ORDERED.

Dated:   **August 18, 2016**                         /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE