1

2

3          # UNITED STATES DISTRICT COURT

4          ## EASTERN DISTRICT OF CALIFORNIA

5

6    ANDREW R. LOPEZ,                              Case No. 1:10-cv-01773-DAD-SKO (PC)

7              Plaintiff,                          **AMENDED[1] ORDER SETTING
                                                   SETTLEMENT CONFERENCE**
8         v.
                                                   **Settlement Conference: June 27, 2017**
9    CATE, et al.,
                                                   **TWENTY-ONE (21) DAY DEADLINE**
10             Defendants.

11

12         Plaintiff, Andrew R. Lopez, a state prisoner proceeding through counsel, filed this civil

13   rights action pursuant to 42 U.S.C. § 1983.  The Court has determined that this case will benefit

14   from a settlement conference and it has been referred to Magistrate Judge Kendall J. Newman to

15   conduct a settlement conference at the U. S. District Court, 501 I Street, Sacramento, California

16   95814 in Courtroom #25 on **June 27, 2017 at 9:00 a.m.**

17         A separate order and *writ of habeas corpus ad testificandum* will issue concurrently with

18   this order.

19         In accordance with the above, IT IS HEREBY ORDERED that:

20         1.  This case is set for a settlement conference before Magistrate Judge Kendall J.

21             Newman on June 27, 2017 at 9:00 a.m. at the U. S. District Court, 501 I Street,

22             Sacramento, California 95814 in Courtroom #25.

23         2.  A representative with full settlement authority to negotiate and enter into a binding

24             settlement on the defendants' behalf shall attend in person.[2]

25   _____
     [1] All requirements and dates remain unchanged.  The only revision is that Plaintiff will appear in person rather than
26   via video conference.
     [2] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to
27   order parties, including the federal government, to participate in mandatory settlement conferences... ." United States
     v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir.
28   2012)("the district court has broad authority to compel participation in mandatory settlement conference[s].").  The

                                                  1

3. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date.

4. The parties are directed to exchange non-confidential settlement statements seven (7) days prior to the settlement conference. These statements shall simultaneously be delivered to the court using the following email address: kjnorders@caed.uscourts.gov. If a party desires to share additional confidential information with the court, they may do so pursuant to the provisions of Local Rule 270(d) and (e).

5. **Within twenty-one (21) days** of the date of this order, if he has not already done so, attorney Robert Navarro **SHALL** file an executed substitution of attorney in compliance with Local Rule 182 indicating Plaintiff's agreement with the notice of special appearance that Mr. Navarro filed on March 10, 2017, (Doc. 205).

6. The *writ of habeas corpus ad testificandum* which issued on March 23, 2017, commanding Plaintiff's appearance at the settlement conference via video conference is **VACATED**. Plaintiff is required to appear in person.[3]

IT IS SO ORDERED.

Dated:   **March 28, 2017**                    /s/ *Sheila K. Oberto*

UNITED STATES MAGISTRATE JUDGE

---

term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).

[3] While the prior *writ of habeas corpus ad testificandum* for Plaintiff's video appearance is vacated, a new one will issue for his personal appearance.